BUSINESS FORMS FINISHING SERV-
ICE, INC., Plaintiff-Appellee,

and

Raymond P. Glowiak, Counterclaim
Defendant-Appellee,

v.

Palmer A. CARSON and Henry Kovach,
Defendants-Appellants.

No. 18691.

United States Court of Appeals,
Seventh Circuit.

June 15, 1971.

Francis T. Drumm, Chicago, Ill., for defendants-appellants.

James G. Staples and Edward M. Keating, Parker, Carter & Markey, Chicago, Ill., for plaintiff-appellee.

Before KERNER, PELL and STEVENS, Circuit Judges.

Order of Dismissal

PER CURIAM.

This is an appeal from an order of the District Court for the Northern District of Illinois entered on June 25, 1970, which order followed a contempt hearing in the district court.

On April 21, 1971 the defendants, Carson and Kovach, appellants herein, filed their emergency motion for extending the time for filing their original brief from April 22, 1971 until May 7, 1971. The record reflects that the motion of April 21, 1971 was the eleventh motion for extension of time to file the brief by said appellants. The record further reflects that upon the sixth motion, filed January 14, 1971, the time was extended to February 15, 1971 with a statement being made that no further extension would be granted.

The plaintiff-appellee, on April 22, 1971, filed its memorandum in opposition to the motion for extension and moved to dismiss the appeal pursuant to Rule 12(c), Fed.R.App.P. Further motions and responses have been received from the parties which have developed a claim on the part of the appellants that certain exhibits introduced in the hearing below had not been made a part of the record on this appeal despite the request of the appellants to the Clerk of the district court. Some of the so-called missing exhibits were apparently in the possession of the appellee and were furnished by the appellee to the Clerk of

the district court on or about April 22, 1971 and were in due course transmitted to this court. The appellants claim there are still missing exhibits. However, the appellee states that the originals of the remaining exhibits are in the possession of the appellants.

The latter assertion is not contravened in the response of the appellants to the rule to show cause why this appeal should not be dismissed, which rule to show cause was entered by the panel of this court on May 18, 1971.

No brief has thus far been filed by the appellant.

It is clear that the responsibility for providing an adequate record and for insuring that it is timely transmitted to the court of appeals rests upon an appellant. Rule 11(a), Fed.R.App.P.; 9 Moore's Federal Practice (2d ed.) ¶ 211.05, at 1811. An appellant cannot discharge his duty merely by writing a letter to the Clerk but has a continuing responsibility to see that the record is timely transmitted to this court.

We further note Rule 33 of the United States District Court for the Northern District of Illinois, which provides in subsections (a) and (b) that exhibits shall be retained by the attorney producing them in the absence of the court order but that upon request counsel shall make the exhibits or copies thereof available to any other party to enable that party to prepare the record on appeal. It was the responsibility of the appellants here to see that exhibits which they needed in connection with their appeal came to this court and they have not discharged their responsibility in this respect.

Further, this court has been more than lenient in extending the time for the filing of the briefs even to the point of granting additional extensions after stating that no further extensions would be granted.

Appellants have failed to show any persuasive reason in response to this court's rule to show cause as to why this appeal should not be dismissed either because of failure to comply with Rule 12(c), Fed.R.App.P., or because of failure to file their brief within the final extension granted heretofore by this court.

Accordingly, it is the judgment of this court that the appeal of the appellants in this cause be and the same is hereby dismissed. It is so ordered.