In the Matter of T. C. MORROW, Bankrupt.

ROWLES, WINSTON & COMPANY, Appellant,

v.

T. C. MORROW, Bankrupt, Appellee.

No. 76–1131.

United States Court of Appeals, Fifth Circuit.

Dec. 8, 1977.

Richard F. Bergner, Houston, Tex., for appellant.

Thad Grundy, Houston, Tex., Thomas T. Hutcheson, Houston, Tex., for appellee.

Before THORNBERRY, GOLDBERG and CLARK, Circuit Judges.

PER CURIAM:

Appellant, Rowles, Winston & Company filed a claim which was dismissed in the Chapter XI Bankruptcy proceedings involving appellee T. C. Morrow. The claim was dismissed on May 19, 1975. On June 3, 1975 appellant's counsel filed a motion to extend time for filing notice of appeal which was granted by a bankruptcy judge. Some four months later the district court granted appellee's motion to dismiss the appeal. Rowles, Winston & Company now argue that the bankruptcy judge's finding of excusable neglect was correct and that the district court erred in dismissing the appeal. We find no merit in those contentions and dismiss the appeal for want of jurisdiction.

Rule 802(a) of the Bankruptcy Rules of Procedure provides that a notice of appeal must be filed within ten days from the time that a claim is disallowed. Under Rule 802(c), the bankruptcy judge or referee may extend the time for filing notice of appeal under limited circumstances. A request for extension made after ten days may be granted only on a showing of excusable neglect. Appellant contends that excusable neglect existed because its counsel was occupied by a heavy workload in state

court. Bankruptcy courts have interpreted the rule otherwise. *See In Re Fetherson*, 2 Bankruptcy Ct. Dec. 122 (W.D.Wisc. Jan. 5, 1976) (professional preoccupation of counsel is not excusable neglect). Moreover, the clear holdings of cases under Rule 4, Federal Rules of Appellate Procedure, and its predecessor Rule 73 F.R.C.P., from which Rule 802(c) is derived, are that counsel's workload does not permit a finding of excusable neglect. *See Files v. City of Rockford*, 440 F.2d 811 (7 Cir. 1971); *United States v. Bowen*, 310 F.2d 45 (5 Cir. 1962); *Tucker Products Corporation v. Helms*, 171 F.2d 126 (9 Cir. 1948); *Christoffel v. United States*, 88 U.S.App.D.C. 1, 190 F.2d 585 (1950); *Citizens Protective League v. Clark*, 85 U.S.App.D.C. 282, 178 F.2d 703 (1950); *Maghan v. Young*, 80 U.S.App.D.C. 395, 154 F.2d 13 (1946). The Rules of Civil Procedure apply to the Bankruptcy Rules of Procedure. *Recile v. Ward*, 503 F.2d 1374 (5th Cir. 1974). We find no reason to depart from such longstanding precedent in the face of an excuse that could be claimed in almost every instance. See Stern, *Changes in Federal Appellate Rules*, 41 F.R.D. 297.

█ Appellant's argument that the appellee is estopped to move to dismiss the appeal for lack of jurisdiction is patently without merit. Failure to file timely notice of appeal is a jurisdictional matter. *In Re W. T. Grant Co.*, 425 F.Supp. 565 (S.D.N.Y. 1976). Had appellee failed to raise the matter we would have been required to consider it on our own motion.

We order that the appeal be dismissed for want of jurisdiction.

DISMISSED.