### In re STANDARD POULTRY CO., INC., Bankrupt.

### Bankruptcy No. 78–51WK.

United States Bankruptcy Court, E. D. Pennsylvania.

Aug. 14, 1980.

---

**644**

Erwin Pincus, Philadelphia, Pa., for receiver/trustee.

Charles V. Stoelker, Jr., Philadelphia, Pa., for receiver/trustee.

Jerome J. Verlin, Philadelphia, Pa., for bankrupt.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

Presently before the court is an application to extend the time for filing a designation of contents and a statement of issues on appeal. Because we find that applicants have failed to show "excusable neglect" to warrant an enlargement of time, the application will be denied.[1]

By orders dated December 17, 1979 and December 21, 1979, the court allowed Cohen, Pincus, Verlin, Hahn, Reich & Sherzer, Esquires, fees of $6,400.00 as counsel for receiver and $6,050.00 as counsel for trustee.

Counsel then filed an appeal with the district court that failed to include a designation of contents and a statement of issues as required by the Bankruptcy Rules. The appeal was initially dismissed, but on reconsideration was remanded to the bankruptcy court "with directions to allow the appellants to file an application with the bankruptcy judge, to be determined within his discretion, for leave to extend the time for complying with Bankruptcy Rule 806."[2]

Rule 806[3] requires that the designation of contents and issues on appeal be filed within ten (10) days of the filing of the notice of appeal. Counsel has admittedly failed to comply with this rule through its own inadvertence in the mistaken belief that the bankruptcy court would file an opinion.[4] This failure creates a jurisdictional defect in the application which can only

---

1. This opinion constitutes findings of fact and conclusions of law in accordance with Bankruptcy Rule 752.

2. Remand Order of Chief Judge Joseph S. Lord, III, dated June 25, 1980, application to extend time, exhibit A.

3. Bankruptcy Rule 806 provides:
   Within 10 days after filing the notice of appeal the appellant shall file with the referee and serve on the appellee a designation of the contents for inclusion in the record on appeal and a statement of the issues he intends to present on the appeal. The record shall include the contents so designated and the findings of fact, conclusions of law, and orders entered thereon. If the appellee deems any other papers to be necessary, he shall, within 7 days after the service of the statement of the appellant, file and serve on the appellant a designation of additional papers to be included. If the record designated by any party includes a transcript of any proceeding or a part thereof, he shall immediately after the designation order the transcript and make satisfactory arrangements for payment of its cost. All parties shall take any other action necessary to enable the referee to assemble and transmit the record.

4. Application to extend time ¶ 5.

be overcome by a showing of excusable neglect. *See* Bankruptcy Rule 906(b).[5]

Although counsel has not used the term "excusable neglect" in its application, it is alleged that the absence of an opinion in support of the fee order "made it difficult" for them "to designate the contents for inclusion of the record on appeal and to determine exactly which issues would be presented." [6]

Thus, it appears that the sole issue before us is whether the above contention constitutes excusable neglect under Rule 906(b).

■ Excusable neglect calls for "circumstances that are unique or extraordinary." *Maryland Casualty Company v. Conner*, 382 F.2d 13, 17 (10th Cir. 1967). *See also* "Changes in Federal Appellate Rules," 41 F.R.D. 297, 299 (1966) ("emergency situations only").

One of the few advisory comments on the meaning and scope of excusable neglect is found in the Advisory Committee Note to the 1966 Amendment to former Fed.R. Civ.P. 73(a). The Advisory Committee does not indicate what usual grounds other than failure to learn of the entry of judgment will support a finding of excusable neglect. The Committee notes only that the court should be empowered to extend the time for other reasons in "extraordinary cases where injustice would otherwise result." *See* 9 Moore's Federal Practice ¶ 204.13[1], at 969 (2d ed. 1975).

As a result of this policy, it has been held that a mistaken assumption concerning the time limitations for filing notice of appeal does not constitute excusable neglect. *In re Mid-Iowa Lakes Corp.*, 3 B.C.D. 1125 (S.D. Iowa 1977); *Lott v. Goodyear Aerospace Corporation*, 395 F.Supp. 866 (N.D.Ohio 1976), *appeal dismissed*, 21 F.R.Ser.2d 346, *aff'd per curiam*, 21 F.R.Ser.2d 348 (6th Cir. 1976): *See also Maryland Casualty Company v. Conner, supra* (heavy workload of counsel that caused him to overlook the time for appeal does not constitute excusable neglect); *Buckley v. United States*, 382 F.2d 611 (10th Cir. 1967), *cert. denied*, 390 U.S. 997, 88 S.Ct. 1202, 20 L.Ed.2d 97 (1968) (counsel's unfamiliarity with local procedural rules does not constitute excusable neglect). *Accord, Files v. City of Rockford*, 440 F.2d 811 (7th Cir. 1971) (heavy workload); *In the Matter of Morrow*, 564 F.2d 189 (5th Cir. 1977) (heavy workload). The district court in *Lott v. Goodyear, supra*, held "that ignorance of the law is not a sufficient basis for finding excusable neglect or even a misunderstanding of the law is not a basis." *Id.*, at 347.

■ The admitted inadvertence now before us does not, based on the plethora of cases cited, constitute an unusual or extraordinary circumstance which would compel a finding of excusable neglect. In fact, this court is hard pressed to find any merit whatsoever in counsel's contention that it expected an opinion. The basis for this mistaken assumption is not averred.

It is neither unusual nor extraordinary for this court to award counsel fees without an accompanying opinion. Writing opinions on each of the many fee applications that are filed with this court would be both time consuming and an inefficient use of judicial resources. Opinions are not required or necessary in the majority of bankruptcy fee awards. However, if an opinion would serve to clarify or interpret a finding of fact or conclusion of law, it will be provided.

If counsel found the lack of an opinion to be prejudicial or troublesome, they easily could have filed a motion for reconsideration of the order. Upon the granting of the

---

5. Bankruptcy Rule 906(b) provides:

When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without application or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; . . . .

6. Application to extend time ¶ 4.

**646**

motion, the court would have been obliged to issue an opinion detailing the basis for the award.

In reviewing any application to extend time concerning an appeal, bankruptcy courts must take cognizance of the purposes of the Bankruptcy Rules. "Bankruptcy proceedings are designed to be expeditious, and those charged with interpreting the Rules are enjoined to construe them . . 'to secure the expeditious and economical administration of every bankrupt estate and the just, speedy and inexpensive determination of every proceeding in bankruptcy.'" 13 *Collier on Bankruptcy* ¶ 803.03 at 8–42 (14th ed. 1977).

In *In re Alco Industrial Development Corp.*, 4 B.C.D. 969 (E.D.Pa.1978), this court held:

> Federal courts have been less lenient in considering whether the neglect to file an appeal within the time extended by rule or statute is excusable than they have been in other matters involving the failure to act timely. In fact, the bankruptcy rules are more severe with respect to appeals, for Bankruptcy Rule 906(b)(2), which is a general grant of power to the bankruptcy court for authorizing extensions of time, expressly forbids such extensions in certain postjudgment acts, among them appeals under Bankruptcy Rule 802, except to the extent the specific rule itself permits. *Id.* at 971, *See also In the Matter of T. C. Morrow, supra; In re DiDio*, 1 B.R. 196, 198 (E.D.Pa.1979).

Although Alco dealt primarily with the ten (10) day notice of appeal rule, we find the above policy considerations to be persuasive in the case at bar. The unrestricted construction of the meaning of excusable neglect advocated here by counsel would undermine the concept of speedy and expeditious administration of bankruptcy proceedings. This court will, based on the abundance of cases cited, *supra*, strictly construe the term excusable neglect. Counsel's admitted inadvertence and mistaken assumption does not, under this particular factual situation, constitute excusable neglect.

Accordingly, for the above stated reasons, we find that counsel's neglect of procedure in failing to file a designation of contents and statement of issues on appeal within the specified time frame, is inexcusable. The application to extend time is denied.