**In re Lorraine BOTEIHO, Debtor.**

**Bankruptcy No. 80-9002.**

Bankruptcy Appellate Panel of the First Circuit.

Feb. 4, 1981.

Russell D. Raskin, Providence, R. I., for debtor.

Joseph M. Szabo, Boston, Mass., trustee.

Before CYR, C. J., and VOTOLATO and JOHNSON, JJ.

VOTOLATO, Bankruptcy Judge.

Counsel for the Chapter 13 Debtor appeals from an Order of the Bankruptcy Judge awarding counsel fees in the amount of $250. An attorney's fee of $450, based on 13.5 hours of legal services, was requested in an itemized statement filed with the Bankruptcy Court. In that Court, the application in question was not contested, no hearing was held, and the Bankruptcy Judge made the award without stating findings or conclusions.[1] No request for findings of fact was made either before or after entry of the Order. Rather, the Appellant proceeded directly to this Panel seeking review of the award.

Although the Chapter 13 Trustee objected and argued briefly before us,[2] the fee application in this case was before the Bankruptcy Judge in a non-adversary context.

The Bankruptcy Court is authorized to award the debtor's attorney reasonable compensation based on "the time, the nature, the extent, and the value of such services, and the cost of comparable services." 11 U.S.C. § 330. In determining the reasonableness of attorney's fees the court has broad discretion, and only when the bankruptcy judge abuses this discretion is it proper for a reviewing court to interfere. *In re Foster Iron Works, Inc.*, 3 B.R. 715 (D.C.S.D.Tex.1980). In this regard the appellant argues that the award is too low, and points out that based on his time records the Bankruptcy Judge compensated him at the rate of only $18.51 per hour. On the record before us, we are unable to consider the argument that the Bankruptcy Judge abused his discretion.

> IT IS FURTHER ORDERED that the remaining balance of $[250 fee and 5 exp] be paid to the Attorney for Debtor(s) by the Standing Trustee under the Plan confirmed. That part of the order in brackets was handwritten.

1. The "Order of the Judge" was entered on a printed form on the lower quarter of the "Attorney's Application for Fee and Affidavit" and provides:

> Upon consideration of the within Application of Debtor(s) Attorney,
> IT IS HEREBY ORDERED that an allowance of $ . . . . . . . for attorney's fee and $ . . . . . . . for expenses be, and hereby is, made to the applicant, from which the amount of $ . . . . . . . for expenses was paid by the Debtor(s), and

2. The Trustee did not file a brief, but requested two minutes to address the Panel. The request was granted, but does not remove the matter from its original non-adversary context.

■ Although it has not been addressed by the appellant, the issue before us involves the responsibility of aggrieved parties to furnish the reviewing court with a complete record. *See* Rule 7, First Circuit Rules Governing Appeals from Bankruptcy Judges to District Courts and Appellate Panels. If the bankruptcy court fails to note its findings of fact in an uncontested order awarding fees, we deem it incumbent upon the appellant to request that such findings be included in the record.

To obtain review of an order or decision in an "action", a request to the court to make findings of fact is unnecessary in light Rule 52(a) of the Federal Rules of Civil Procedure.[3] An "action" is commenced by filing a complaint with the court, F.R.C.P. 3, and usually involves at least two adversary parties. However, when deciding a motion, unlike an action, the court is not required to make findings, F.R.C.P. 52(a), and where it has not done so, a request for findings is required to be filed by the appellant in order to complete the record for review.

In the normal Chapter 13 fee application context, we deem such a proceeding, when unopposed, to be more analogous to a motion than to an action. As a general rule, Chapter 13 fee applications are handled routinely, with very few involving objection and/or hearing. In *In Re Standard Poultry Co., Inc.*, 5 B.R. 643 (Bkrtcy.E.D.Pa.1980), the Bankruptcy Court stated that "writing opinions on each of the many fee applica-

tions that are filed with this court would be both time consuming and an inefficient use of judicial resources. Opinions are not required or necessary in the majority of bankruptcy fee awards." To "find the facts specially" in every *uncontested* Chapter 13 fee application, with the attendant need to hold full evidentiary hearings, would defeat a primary purpose of bankruptcy proceedings, i. e., "[securing] the expeditious and economical administration of every bankrupt estate and the just, speedy, and inexpensive determination of every proceeding in bankruptcy." Bankr.Rule 903.

We specifically do not suggest that every attorney who applies for a fee in a bankruptcy case should request findings of fact. However, if the applicant wishes to appeal the award once a "bare" order is entered, then he or she should request such findings in order to properly bring the matter before the reviewing court.

Bankruptcy Rule 752 does not assist the appellant, since that rule is applicable only to adversary proceedings, and this holding is limited to uncontested fee applications.

The appeal is dismissed.

---

3. F.R.C.P. 52(a) provides, in part:

[i]n all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially.... Requests for findings are not necessary for purposes of review.... Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b).