ALVIN B. RUBIN, Circuit Judge:
 

 Mrs. Robinson appeals from a district court decision discharging in bankruptcy her former husband’s obligation to pay ar-rearages in alimony owed her under a California decree. Because the appeal from the Bankruptcy Court was not timely, we reverse the decision of the District Court.
 

 I.
 

 In 1971, Helen Robinson sued her husband, Leland Robinson, for divorce in a California state court. That court granted her a final divorce decree and entered a judgment of $7,092 against her husband for alimony and support of their two minor children.
 

 Mr. Robinson later filed a divorce petition against Mrs. Robinson in Mississippi Chancery Court. The Mississippi court, unaware of the prior California proceedings, granted the divorce and awarded Mrs. Robinson $300 per month for child support. In a subsequent proceeding, the Mississippi court set aside the divorce decree obtained by Leland Robinson and incorporated the California judgment into its decree. Adding accrued alimony and child support calculated under the formula set by the California judgment, the Mississippi chancery court increased the judgment for Mrs. Robinson to $9,767.45 and added an attorney’s fee award. The Mississippi Supreme Court affirmed the judgment.
 

 Within a month after the decision of the Mississippi Supreme Court, Mr. Robinson
 
 *738
 
 filed a voluntary petition in bankruptcy and sought to discharge the judgment. Applying the “plain language” of the bankruptcy statute, the referee held, “a judgment for alimony, child support and attorney’s fees is unequivocally not dischargeable in a bankruptcy proceeding.” Mr. Robinson appealed to the District Court. Although he mailed his notice of appeal to the referee eight days after the entry of judgment, the notice did not arrive until three days later, eleven days after the entry of judgment and one day after the expiration of the period for filing notices of appeal.
 

 The District Court held that the notice of appeal was timely and reversed the referee on the merits. The court concluded that both the Mississippi alimony statute and the provision of the old Bankruptcy Act precluding discharge of alimony obligations violated equal protection principles. Although it seems clear that the divorce was granted under gender-neutral California law, not Mississippi law, and equally clear that
 
 In re Crist,
 
 632 F.2d 1226 (5th Cir. 1980), precludes discharge under federal law, we do not reach the merits of this case.
 

 II.
 

 The District Court lacks jurisdiction of an appeal that is not timely filed.
 
 In re Morrow,
 
 564 F.2d 189 (5th Cir. 1977). The judgment was entered on May 22,1978, and notice of the appeal was filed on June 2nd, one day after the ten-day period allowed by Bankruptcy Rule 802(a). However, notice of the appeal was mailed on May 30th, eight days after the judgment was entered.
 

 In
 
 Matter of Bad Bubba Racing Products, Inc.,
 
 609 F.2d 815 (5th Cir. 1980), we held that a notice is filed as of the date it is actually received by the referee (now judge), not as of the date it is mailed. Appellee relies on Rule 906(e) of the Rules of Bankruptcy Procedure in arguing that his appeal was timely. Rule 906(e) provides that “Service or notice by mail is complete upon mailing.” The applicability of this rule to notices of appeal was accepted, without analysis, in
 
 Matter of Pigge,
 
 539 F.2d 369 (4th Cir. 1976). We believe that Rule 906(e) is inapplicable. Section 39(c) of the old Bankruptcy Act [formerly codified at 11 U.S.C. § 67(c)] requires that a “petition for review” be
 
 “filed
 
 within such ten-day period.” Rule 802(a) of the Rules of Bankruptcy Procedure similarly requires that a “notice of appeal shall be
 
 filed
 
 with the referee within 10 days.” (Emphasis added.) The clear language of both provisions specifies that the notice must be filed within the ten-day period to be effective. Their emphasis on actual receipt necessarily implies that notice by mail is insufficient until actually received by the referee. Because the notice of appeal was not received by the referee within ten days, the district court had no jurisdiction over the appeal. We reverse the judgment of the District Court and remand with instructions to dismiss Mr. Robinson’s appeal.
 

 We further instruct the Bankruptcy Court to award Mrs. Robinson the attorney’s fees and costs incurred in the two appeals in which Mrs. Robinson successfully resisted the discharge of a non-dischargea-ble debt.
 
 See
 
 Section 64(a)(3) of the old Bankruptcy Act (formerly codified at 11 U.S.C. § 104(a)(3)). To avoid further expense and delay in this already overlitigat-ed matter, we will ourselves determine the attorney’s fees,
 
 see Johnson v. Combs,
 
 471 F.2d 84 (5th Cir. 1972), and allow counsel $2500 for the services rendered in these appeals.
 

 The judgment is VACATED and the case remanded with instructions.