Larry WEST, Plaintiff,

v.

Alan FALCONER and Mona Falconer, Defendants.

Larry WEST, Plaintiff,

v.

Alan FALCONER and Mona Falconer, Defendants.

Alan FALCONER, Plaintiff,

v.

Larry WEST, Defendant.

Civ. Nos. 81–4467 to 81–4469.

United States District Court, S. D. Illinois.

Feb. 16, 1982.

Joel Kunin, East St. Louis, Ill., for Larry West.

John Womick, Carbondale, Ill., for defendants.

Jim Wexstten, Mount Vernon, Ill., interim trustee.

## ORDER

FOREMAN, Chief Judge:

These three actions, consolidated by this Court for purposes of consideration and ruling, are appeals from orders entered by the United States Bankruptcy Court for the Southern District of Illinois. The actions were consolidated by the Bankruptcy Court and decided in an order entered on September 23, 1981. The order required the Falconers to vacate and give up possession of certain parcels of farmland to West. The Falconers' Motion for New Trial and to Alter Judgment was denied on October 7, 1981. On October 19, 1981, the Falconers filed their Notice of Appeal to District Court.

Pending before the Court are two motions to dismiss, filed by West. First, West argues that the appeals should be dismissed because of mootness. As West points out, the Falconers failed to obtain a stay of the Bankruptcy Court's orders pending appeal. West asserts that because he mortgaged the farmland to the Mid America Bank and Trust Company of Carbondale, Illinois, this Court lacks the power to reverse or modify the orders. Second, West argues that the appeals should be dismissed because the Falconers failed to comply with the Rules of Bankruptcy Procedure. Since the Court feels that the latter ground warrants dismissal, the issue of mootness need not be reached.

The Falconers have virtually ignored the Rules of Bankruptcy Procedure. Bankruptcy Rule 806 provides, in part, that "[w]ithin 10 days after filing the notice of appeal that appellant shall file with the referee and serve on the appellee a designation of the contents for inclusion in the record on appeal and a statement of the issues he intends to present on the appeal."[1] A Notice of Appeal and an Appeal Record Designation were filed on October 19, 1981, within ten days of the Bankruptcy Court's last order. However, a statement of the issues presented on appeal was not filed within the ten day limit. Nearly four months later, the Falconers have yet to file a statement of the issues or to request an extension of time in which to do so.

In their Appeal Record Designation, the Falconers designated that the record should include transcripts of the Bankruptcy Court's hearing on September 15, 1981. In such circumstances, Bankruptcy Rule 806 requires that the appellant immediately order the transcript. In fact, the exigencies of Bankruptcy Rule 807 demand such expeditious conduct. Rule 807 allows the referee only thirty days within which to transmit the record following the designation of issues, absent an extension. It is well settled that the responsibility for time-

1. The Court recognizes that Interim Bankruptcy Rule 8003 provides that this required filing shall be made with the Clerk of the Bankruptcy Court. This rule accommodates the Rules of Bankruptcy Procedure to the creation of the office of the Clerk of the Bankruptcy Court.

ly transmittal rests squarely with the appellant. *See, Pyramid Mobile Homes, Inc. v. Speake*, 531 F.2d 743, 745 (5th Cir. 1976); 13 *Collier on Bankruptcy*, par. 807.04 at 8–68, 8–69 (14th Ed. 1977).

The Falconers did not comply with requirements of Rule 807. Even assuming that their statement of issues was properly filed, the last possible day for acceptable transmittal was November 16, 1981. The transcript was not received on or before this date and no request for an extension of time was filed. Finally, on December 11, 1981, this Court received the transcript from the Court Reporter.

Further, the Falconers failed to comply with Bankruptcy Rule 808. That rule provides:

> Unless a local rule or court order excuses the filing of briefs or provides for different time limits:
>
> (1) The appellant shall serve and file his brief within 15 days after entry of the appeal on the docket pursuant to Rule 807.
>
> (2) The appellee shall serve and file his brief within 15 days after service of the brief of the appellant.
>
> (3) The appellant may serve and file a reply brief within 5 days after service of the brief of the appellee.

Bankruptcy Rule 808. On November 2, 1981, the Falconers' appeal was docketed in this Court. Consequently, their brief was due on November 17, 1981. No brief was filed by that date. Even assuming that the Falconers had fifteen days from the time the Court received the transcript (December 11, 1981), they failed to file a brief in time. To date, no brief has been filed pursuant to Rule 808 and no extension of time was requested in which to do so.

The discussion above does not completely describe the Falconers' dilatory conduct in prosecuting these appeals. On January 7, 1982, the Court gave the Falconers until January 14, 1982, to respond to West's motions to dismiss, which were filed on December 16, 1981. On January 5, 1982, the Court denied the Motion to Withdraw filed by the Falconers' attorney, pending the entry of appearance by substitute counsel. However, the Court gave the Falconers until January 25, 1982, to retain the services of a new attorney and to respond to West's motions. The Court provided that, "[i]n the event a new attorney has not entered his or her appearance on or before January 25, 1982, and if response is not made to the motions of the plaintiff Larry West by said date, the Court will take up and consider said motions without response from the defendants." To date, no attorney has made an entry of appearance, no response has been made to West's motions, and no extension of time has been requested.

Rule 801(a) provides, in part, that "[f]ailure of an appellant to take any step other than [filing of a notice of appeal within the time allowed by Rule 802] ... does not affect the validity of the appeal, but is ground only for such action as the district court deems appropriate, which may include dismissal of the appeal." In the Court's opinion, dismissal of the appeals is appropriate here.

In *Business Forms Finishing Service, Inc. v. Carson*, 463 F.2d 966 (7th Cir. 1971), the Seventh Circuit dismissed the appellants' appeal because of their failure to file a brief within the time period allowed by the Court.[2] The Court found unpersuasive the appellants' argument that their failure was due to the incomplete record. The Court found that the appellants' reason was unjustified since it was their duty to transmit a complete record. *Carson*, 463 F.2d at 967. Likewise, in *Pyramid Mobile Homes, Inc. v. Speake*, 531 F.2d 743 (5th Cir. 1976), the Fifth Circuit affirmed the dismissal of a

---

2. This case was decided under the Rules of Appellate Procedure. Rule 31(c) specifically provides that "if an appellant fails to file his brief within the time provided by this rule, or within the time as extended, an appellee may move for dismissal of his appeal." Fed.R.App.P. 31(c). Rule 808 does not have similar language and much has been made of this omission. *See*, 13 *Collier on Bankruptcy*, par. 808.02 (14th Ed. 1977). However, such language in Rule 808 would be superfluous. As noted, Rule 801(a) allows the district court, where appropriate, to dismiss an appeal when the appellant fails to take a procedural step.

bankruptcy appeal because the appellant had been dilatory in transmitting the record. The Court found that although an innocent client may suffer for the conduct of his attorney, the potential prejudice occasioned by the resulting delay warranted dismissal. *Speake*, 531 F.2d at 746. Finally, in *In re Har-dway House Statuary, Inc.*, 76 F.R.D. 204 (E.D.Mo.1977), the Court dismissed a bankruptcy appeal for want of prosecution. There, the appellant failed to file a brief, a request for an extension, or even a reply to the appellee's motion to dismiss. *See also, In re Standard Poultry Co., Inc.*, 5 B.R. 643 (Bkrtcy.E.D.Pa.1980).

The dismissals in these cases do not exalt form over substance. The time requirement prescribed by the Rules of Bankruptcy Procedure, as well as the Rules of Appellate Procedure, ensure that an appeal is prosecuted diligently. This policy is especially pronounced in a bankruptcy appeal. As the Court in *Speake* noted:

> Precisely because the filing of a notice of appeal is such a simple matter, and because of the inherent prejudice to creditors when the estate of a bankrupt is subject to dissipation by expenses incurred each additional day, some device is necessary to insure that appeals are diligently prosecuted...
>
> [A]s in virtually any bankruptcy proceeding, time is the essence of prejudice to creditors. When considered in the light of behavior which crosses the line from lack of diligence to obstinately dilatory conduct, we must decline to be a party to further prejudice.

*Speake, supra*, 531 F.2d at 745–46; *See*, 13 *Collier on Bankruptcy*, par. 807.04 (14th Ed. 1977).

The cases in which courts declined to dismiss bankruptcy appeals for failure to comply with time requirements are distinguishable. In *Liberty Loan Corporation v. Wallace*, 390 F.Supp. 1121 (D.Kan.1975), the appellant failed to designate the record or file a statement of issues. The Court declined to dismiss the appeal because Rule 806 had just been enacted and the parties agreed to the facts and issues which were

adequately stated in the referee's opinion. The Court is unable to apply such reasoning in this case. *In re Winner Corp.*, 632 F.2d 658 (6th Cir. 1980), the Court did not dismiss an appeal when the appellant filed an untimely record designation. This result is distinguishable in that the Falconers, to date, have failed to file a statement of issues, which, as noted, was due nearly four months ago. Finally, in *Sanitation Recycling, Inc. v. Jay Peak Lodging Association, Inc.*, 428 F.Supp. 1022 (D.Vt.1977), the Court excused the appellant's untimely filing of its brief. Here again, this result is distinguishable in that, to date, no brief has been filed on behalf of the Falconers.

Accordingly, West's Motion to Dismiss is hereby GRANTED, and the Falconers' appeals (81–4467, 81–4468, and 81–4469) are hereby DISMISSED.

IT IS SO ORDERED.