John F. LAWLESS and Donna K. Lawless, Appellants,

v.

CENTRAL PRODUCTION CREDIT AS-SOCIATION f/k/a Wabash Production Credit Association, Appellee.

Civ. No. 87–4336.

United States District Court, S.D. Illinois, Benton Division.

Dec. 31, 1987.

Stanley Durka, Lawrenceville, Ill., for appellants.

Gerald M. Burke, East St. Louis, Ill., for appellee.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

This matter is before the Court on appellee Central Production Credit Association's (PCA) Motion to Dismiss (Document No. 8). As its basis, appellee asserts that appellants' failure to file their brief and their general dilatory behavior in this case warrants dismissal. For the reasons stated below, this Court agrees.

### BACKGROUND

On June 24, 1987, this Court entered its Memorandum and Order affirming in part and reversing and remanding in part the Bankruptcy Court's Order of August 14, 1986 and September 9, 1986. The Debtors appealed this Court's Order to the United States Court of Appeals for the Seventh Circuit. On July 31, 1987, the Seventh Circuit dismissed the appeal on jurisdictional grounds.

On July 1, 1987, the Bankruptcy Court scheduled a status conference on the remand contained in this Court's Order of June 24, 1987. The status conference was scheduled for July 22, 1987. Neither the appellants nor their attorney attended the July 22, 1987, status conference. On July 24, 1987 the Bankruptcy Court entered its Order assessing fees against the appellants' attorney and continuing the status conference until August 19, 1987. Neither the appellants nor their attorney appeared at the August 19, 1987 status conference.

On August 21, 1987, the Bankruptcy Court entered its Order assessing additional fees against the appellants' attorney and dismissing the appellants' Petition to Reopen with leave to reinstate upon payment of all fees and expenses and the filing of an affidavit that explained previous absences. Nothing was filed in response to the Bankruptcy Court's Order of August 21, 1987.

On September 11, 1987, the appellants' filed a Notice of Appeal and Alternative Motion for Leave to File Late Notice of Appeal. On September 18, 1987, the Bankruptcy Court entered its Memorandum and Order denying the appellants' Motion and Striking the Notice of Appeal.

On October 9, 1987, this appeal was docketed by the Clerk of Court, thus making appellants' brief due October 26, 1987, pursuant to Rule 8009, Bankruptcy Rules. On October 26, 1987, appellants filed for, and received, an extension of time to file their brief until November 27, 1987.

Thereafter, on November 30, 1987, appellants again moved for an extension of time until December 30 to file their brief. The Court denied this motion on December 4, 1987, because it appeared there was no valid reason for the request except the rather heavy caseload of appellants' attorney which, of course, was not a legitimate reason for a second extension of time. As of December 31, 1987, appellants had still failed to file either their brief, or any response to PCA's Motion to Dismiss. Furthermore, the Clerk's office has notified the Court that despite two written notices demanding return of the record in this case by appellants' attorney, counsel has nevertheless failed and refused to return the record. Moreover, the Court has been informed by the Clerk that counsel's failure to return records on appeal until numerous notices and phone calls have been made by the Clerk's deputies is habitual.

### DISCUSSION

A thorough review of the case law interpreting Rule 8009 reveals no Seventh Circuit cases prescribing conditions for dismissal for failure to timely file an appellants' brief. That dismissal may be appropriate has already been addressed by this Court. *See West v. Falconer,* 17 B.R. 929 (S.D.Ill.1982). In reviewing the law of other circuits on this matter, the Court believes the rule announced by the Eleventh Circuit in *In re Beverly Mfg. Corp.,* 778 F.2d 666 (11th Cir.1985) is persuasive. *Beverly* held that dismissal under Rule 8009(a)(1) is proper only when bad faith,

negligence, or indifference is shown. *Beverly, supra*, at 667.

■ In the case at bar, the procedural history outlined above clearly manifests gross negligence, if not blatant indifference, to both the Bankruptcy Court and this Court's orders. The Court additionally notes that procrastination, delay, outright disregard of Court orders, and generally dilatory conduct are the norm, not the exception, in counsel's practice before this Court not only in this case, but in virtually every other case he has filed or defended in it. While the Court hesitates at penalizing an otherwise presumably innocent client, it believes that no other sanctions would cure counsel's conduct. Obviously, as the bankruptcy judge found, monetary sanctions do not phase counsel, nor do punitive orders of court.

The Court is mindful that this dismissal will operate as an adjudication on the merits of appellants' claim, but such a drastic sanction may in the end place the penalty of fault on the appropriate party, their attorney. As previously stated, in turn, counsel may well be liable for money damages, if any, suffered by his clients as a result of his malfeasance, and therefore, the Court deems dismissal an appropriate, if not mandated result in this instance.

Accordingly, appellee PCA's Motion to Dismiss is hereby, GRANTED and this appeal is therefore, DISMISSED with prejudice, each party to bear their respective costs.

IT IS FURTHER ORDERED that a copy of this Order be served by the United States Marshal of this District.

IT IS FURTHER ORDERED that counsel for appellants return the record herein to the Clerk's office not later than the close of business January 8, 1988. (The file may be delivered to the United States Marshal serving a copy of this Order.)

Failure of counsel for the appellants to deliver said file to the United States Marshal or on the date above mentioned, will subject appellants' counsel, Stanley Durka, to civil contempt of this Court.

IT IS FURTHER ORDERED that upon failure to deliver said file to the United States Marshal or to have it delivered to the Clerk's office on or before January 8, 1988, said Stanley Durka shall appear before this Court on the Eleventh Day of January, 1988, at 1:30 p.m., Federal Courthouse, Benton, Illinois, and show cause why he should not be held in civil contempt of this Court.

IT IS SO ORDERED.