**In re Barbara GARBER, Debtor.**

**Bankruptcy No. 8700185.**

United States Bankruptcy Court,
D. Rhode Island.

July 21, 1988.

Andrew Richardson, Boyajian, Coleman & Harrington, Providence, R.I., for debtor.

James Purcell, Partridge, Snow & Hahn, Providence, R.I., for Colonial Sav. and Loan Ass'n.

## DECISION

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Before the Court is the Motion for Rehearing filed by Andrew Richardson, Esq., attorney for the debtor, who requested and was allowed further opportunity to argue in support of his application for compensation, which was reduced from $28,100 to $23,000.

Although entitled "Motion for Rehearing," said pleading, and memorandum in support thereof, appears to be a combined/alternative motion for reconsideration and a request for findings of fact and conclusions of law (Bankruptcy Rule 7052) which are the basis for the Court's order dated June 27, 1988. Viewed either way, the reasons given by the movant in his motion and accompanying memorandum, and in oral argument on July 13, 1988, are not persuasive, and the application is denied, except that Mr. Richardson is herein awarded his costs as requested.

■ Notwithstanding the above ruling, we will address the arguments made by the applicant, mostly for his future reference. To begin with, Mr. Richardson states that "the debtor, who is paying the fees, appeared and stated that she had no objection to the allowance as requested." This argument is irrelevant. That the Chapter 11 debtor did not object to fees requested by her attorney, that she insisted on suing Colonial, and that there were no creditors' objections, does not relieve the Court of its responsibility to examine the attorney's application with care, and of ensuring that the allowance was reasonable and proper. 11 U.S.C. § 503; *In re Dole Company*, 244 F.Supp. 751 (D.Me.1965). While the *Dole* case was decided in 1965 under the Old Act,

the principle for which we cite it here is still the law in the First Circuit.

Regarding the reasons why this Court reduced the application, without written "justification," and which, incidentally, are not required to be articulated in writing or otherwise, *In re Botelho*, 8 B.R. 305, 307 (BAP 1st Cir.1981), we did nevertheless consider the entire record of the case, and in deference to the request of aggrieved counsel, make the following findings and conclusions:

1. That debtor's counsel adequately and effectively opposed a particularly obstreperous and hyperactive creditor, which applied constant pressure to obtain relief from the § 362 automatic stay provisions of the Code, and to foreclose its mortgage on the debtor's property.

2. At all relevant times, there was a huge equity cushion in the debtor's property,[1] so that Colonial's obtaining relief from stay was always remote.

3. The litigation instituted by the debtor against Colonial, although tried to conclusion, was not decided, and as the parties know, based on a post-trial chambers conference, the Court indicated that

A. the debtor's complaint was very probably going to be denied, because she had not proved any of her essential allegations.

B. Colonial's motion for relief from stay would likewise be denied, still because of the large equity cushion.

C. that in light of the foregoing signals from the Court, the parties should negotiate, while they both still had time, and before either (or both) received adverse rulings on the merits of the litigation.

4. That in June 1988, since the likelihood of other financing had become a real possibility, the parties were encouraged by the Court to examine settlement and refinancing avenues, and were assured that the Court would allow sufficient time to accomplish the same.

---

1. This is very likely the reason why Colonial Deposit Company was so anxious, from the beginning, to get its hands on the property through foreclosure.

5. That the debtor was in fact able to refinance the mortgage, to take Colonial Deposit Company out of the picture, and to obtain a confirmable plan.

6. That not all of the time or services involved deserve to be billed, across the board, at $100 per hour (general work) or $125 per hour (court time), for the reason that much of the time expended, both in and out of court, was repetitious and merely a replay of what was done on prior occasions, admittedly caused largely by the unreasonable actions of the creditor.

7. That, to the extent that they are applicable, the (12) factors established by the court in *King v. Greenblatt*, 560 F.2d 1024 (1st Cir.1977) have been considered.

8. The applicant's argument that, in the absence of objection the Court's obligation is only "to protect the client from getting bilked" by her attorney, is not the proper standard, and is rejected.

9. That, even after extensive oral re-argument, it is still the Court's subjective determination that the value of the services performed by the applicant is simply not quite as high as the value placed thereon by the applicant.

## ON MOTION FOR RECONSIDERATION

■ After hearing, and upon consideration of the "Motion of Colonial Savings & Loan Association for Reconsideration of Court's Decision with Respect to Attorneys' Fees", it is the Court's determination that the motion is without merit, and that the request to either grant in full or increase the amount of attorneys' fees awarded to Colonial, to be paid *by the debtor*, should be denied.

In response to Colonial's alternative request for findings and conclusions, under Rule 7052 and F.R.C.P. 52, it is not necessary to make detailed findings and conclusions to support our Order. Our reason for ordering that only $12,000 of the applicant's $27,000 allowance should be paid by the debtor, may be simply stated. Colonial, from the outset, acted prematurely, and was unreasonable and hyperactive in its efforts to obtain relief from stay. Because

of the large equity cushion in the property in which Colonial held a mortgage, it was never in danger of not being paid, and because of this, the majority of the legal activity generated by Colonial, both in behalf of itself and, in response thereto, by the debtor, were neither necessary nor reasonable. The fact that Colonial incurred additional legal expense in defending against the adversary proceeding instituted by the debtor is not compensable by Ms. Garber, since, again, it was Colonial's over zealous collection activities that precipitated the law suit. Colonial seeks to recover *all* of the legal expenses that it wanted to incur. We hold that Colonial is only entitled to be reimbursed by the debtor for legal expenses reasonably incurred. As for the balance, Colonial should pay its own lawyers.