USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit

No. 97-2216

 IN RE: I DON'T TRUST,

 Debtor.
 ____________________

 ROBERT M. PREBOR,
 
 Appellant,

 v.

 JOSEPH B. COLLINS, TRUSTEE, ET AL.,

 Appellees.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Michael A. Ponsor, U.S. District Judge]

 

 Before

 Selya, Boudin and Lynch,
 
 Circuit Judges.
 
 

 Carlos M. Gomez, with whom Law Offices of Carlos M. Gomez,
P.C. was on brief, for appellant.
 Joseph H. Reinhardt, with whom Hendel, Collins & Newton, P.C.was on brief, for appellees.

 
 
 April 27, 1998
 
 
 
 Per Curiam. On June 24, 1996, Robert M. Prebor, the
settlor and beneficiary of the prophetically named I Don't Trust
(the Trust), a Massachusetts business trust, commenced a voluntary
Chapter 11 proceeding on behalf of the Trust. See 11 U.S.C. 1101
 et seq. (1993 & Supp. 1998). The bankruptcy court approved the
appointment of Joseph B. Collins as trustee and authorized a law
firm in which Collins is a partner, Hendel, Collins & Newton (HCN),
 to serve as counsel to the trustee.
 Prebor subsequently became dissatisfied with the manner
in which the bankruptcy estate was being administered and moved to
dismiss the Chapter 11 case. Collins and HCN responded by filing
(i) a motion for expedited determination based on the fact that the
estate had insufficient funds to pay an upcoming insurance premium,
 and (ii) a limited objection requesting that dismissal be
contingent upon full payment of administrative expenses incurred to
date, including attorneys' fees and the trustee's commission. The
bankruptcy court granted both motions without holding a hearing and
 awarded Collins and HCN compensation (including reimbursed
expenses) in the amounts of $534.79 and $12,206.68, respectively.
 Prebor moved for reconsideration and for the first time
requested a hearing. The bankruptcy court agreed to rethink the
matter but, after hearing oral arguments, refused to alter its
earlier order; to the contrary, the court determined that the fees
it had awarded were neither unreasonable nor duplicative. In rapid
sequence, Prebor paid the award, the bankruptcy court dismissed the
Chapter 11 case, and Prebor appealed.
 Following a hearing, the district court affirmed the
bankruptcy court's decision. While noting that the parties
disagreed as to the appropriate standard of review, the district
court treated the matter as an appeal from an award of fees and
therefore scrutinized the bankruptcy court's ruling for abuse of
discretion. The court observed however, that it would have upheld
the ruling as easily on plenary review.
 Prebor again appeals, arguing that the lower courts
misapplied the proper standards and, in effect, compensated HCN for
services that the bankruptcy trustee ought to have performed
without the assistance of counsel; that the fee requests were not
appropriately segregated; that the amounts awarded are unreasonable
because the applicants' services yielded no benefit to the
bankruptcy estate; and that the bankruptcy court should have held
an earlier hearing and permitted the examination of witnesses. 
Discerning no reversible error, we affirm.
 The threshold dispute between the parties concerns the
applicable standard of review. The appellant urges a de novo
standard because, in his estimation, the bankruptcy court did not
apply proper legal principles, that is, the court blurred the
distinction between the appropriate duties of a Chapter 11 trustee
and the trustee's counsel. In an appeal from a bankruptcy court
decision, this court like the district court or the bankruptcy
appellate panel affords de novo review to the bankruptcy court's
conclusions of law. See In re Healthco Int'l, Inc., 132 F.3d 104,
107 (1st Cir. 1997); In re DN Assocs., 3 F.3d 512, 515 (1st Cir.
1993). Here, however, the pivotal issue involves the bankruptcy
court's award of reasonable fees an area in which the court of
first instance enjoys particularly great leeway. See Dickinson
Indus. Site, Inc. v. Cowan, 309 U.S. 382, 389 (1940); In re DN
Assocs., 3 F.3d at 515; In re Botelho, 8 B.R. 305, 306 (B.A.P. 1st
Cir. 1981). Apart from the appellant's self-serving speculation,
there is nothing in the record to suggest that the bankruptcy court
did not appreciate the controlling legal rules, or, appreciating
them, defied their dictates. Consequently, we uphold the district
court's determination that abuse of discretion is the applicable
standard of review. See Reliance Steel Prods. Co. v. National Fire
Ins. Co., 880 F.2d 575, 577 (1st Cir. 1989) (noting that an
appellant cannot avoid a deferential standard of review by the
simple expedient of dressing factual disputes or judgment calls in
"legal costumery").
 We turn next to the appellant's contention that the
bankruptcy court's failure to hold an immediate, evidentiary
hearing undermines the ensuing fee awards. Under the Bankruptcy
Code, the bankruptcy court may, "after notice to the parties in
interest and the U.S. Trustee and a hearing . . . award to a
trustee, an examiner, [and] a professional person employed [in
compliance with statutory prerequisites], reasonable compensation
for [their] actual, necessary services rendered." 11 U.S.C. 
330(a)(1)(A) (Supp. 1998). The words "after notice and hearing"
denote notice and an opportunity for a hearing as appropriate in
the particular circumstances, but a hearing much less an
evidentiary hearing is not required in every instance. See 11
U.S.C. 102(1)(A)-(B) (1993) (providing that a hearing is not
necessary if, after proper notice, a hearing is not seasonably
requested by a party in interest, or if there is insufficient time
for a hearing); In re Sullivan Ford Sales, 2 B.R. 350, 354 (Bankr.
D. Me. 1980) (applying statute); see also Aoude v. Mobil Oil Corp.,
862 F.2d 890, 894 (1st Cir. 1988) (explaining that many matters can
be adequately "heard" on the papers as long as the parties had "a
fair opportunity" to offer relevant facts and arguments to the
court and to confront their adversaries' submissions).
 In the case at hand, the request for payment of the
administrative claims, sent to the appellant, comprised the
requisite notice. Prebor argues that he did not have an
opportunity for a hearing at that time but any error in failing
to convene a hearing was harmless: Prebor promptly requested
reconsideration and the court unquestionably afforded him an
opportunity to be heard with respect to the fee awards at that
time. The holding of that hearing, even if belated, absolved any
error. See, e.g., Viqueira v. First Bank, ___ F.3d ___, ___ (1st
Cir. 1998) [No. 97-2127, slip op. at 7-8] (citing other cases). 
That the hearing did not involve live testimony is beside any
relevant point, for Prebor never specifically requested that the
bankruptcy court hold an evidentiary hearing.
 The bankruptcy court's ruling on the merits, too, is
supportable. In considering the administrative claims, the
bankruptcy court examined thirteen pages of detailed, itemized
statements that described the work performed by both the Chapter 11
trustee and HCN to preserve, maintain, collect, and enhance the
estate's assets. This document consists of two separate sections,
one enumerating the trustee's efforts and the other enumerating the
law firm's efforts. The document lists the dates and descriptions
of each service, the identity of the person who performed the
service, and the time expended.
 We have examined the submissions and find them, prima
facie, to be in order. The opposite pan of the scale is empty: 
the appellant offered no specifics in rebuttal; he did not identify
a single supposedly misclassified item; he did not produce evidence
that cast doubt upon the rates employed. On this rather one-sided
record, we can hardly fault the bankruptcy court for finding the
requested fees to be reasonable, properly differentiated as between
trustee and counsel services, and beneficial to the bankruptcy
estate.
 The primary thrust of the appellant's remaining
asseverations is that the demarcation between the services
performed by Collins, qua trustee, and by HCN, qua counsel, is not
clear, and that, consequently, the aggregate fees are inflated. 
We do not agree. It is, of course, the fee applicant's burden to
demonstrate that the services for which remuneration is sought
involve compensable service. See In re Shades of Beauty, Inc., 56
B.R. 946, 949-50 (Bankr. E.D.N.Y. 1986); In re Four Star Terminals,
Inc., 42 B.R. 419, 429 (Bankr. D. Alaska 1984); see also In re
Smuggler's Beach Properties, Inc., 149 B.R. 740, 743 (Bankr. D.
Mass. 1993). The services must be "sufficiently identified and
explained." In re First Software Corp., 79 B.R. 108, 111 (Bankr.
D. Mass. 1987). But where, as here, the applicant satisfies that
entry-level burden, the objecting party relies on rhetoric as his
sole rejoinder at his peril.
 To sum up, we agree with the lower courts' assessment
that the fee awards are reasonable and that the supporting
documentation offers no evidence of misclassification or
duplication of effort between the trustee and his counsel. We
descry nothing in the record that would lead us to conclude that
the lower courts committed any prejudicial error or abuse of
discretion in arriving at their respective determinations. See In
re Martin, 817 F.2d 175, 182 (1st Cir. 1987) ("The bankruptcy judge
is on the front line, in the best position to gauge the ongoing
interplay of factors and to make the delicate judgment calls which
[a discretionary] decision entails.").
 One final matter requires our attention. The appellees
beseech us to find Prebor's appeal frivolous and sanction him
pursuant to Fed. R. App. P. 38. We decline to consider the
request. A party may not invoke Rule 38 by a reference in his
brief, but, in the words of Rule 38, must initiate "a separately
filed motion." Because the appellees failed to file such a motion,
we need go no further.

Affirmed.