Magna ZAMBRANA, Appellant

v.

Richard KING, Asst. U.S. Trustee, and Denise M. Pappalardo, Chapter 13 Trustee, Appellees.

Civil Action No. 06–30173–MAP.

United States District Court, D. Massachusetts.

April 16, 2007.

Francis J. Lafayette, Palmer, MA, for Appellant.

Denise M. Pappalardo, Worcester, MA, pro se.

Joanne Z. Psilos, Worcester, MA, for Appellees.

## MEMORANDUM AND ORDER REGARDING BANKRUPTCY APPEAL

PONSOR, District Judge.

This is an appeal of an order of the bankruptcy court dated August 23, 2006 disallowing fees for the Debtor's counsel, Francis Lafayette, and requiring Attorney Lafayette to return to the Debtor the sum of $2,711.00.

The evolution of the bankruptcy case was troubled. The original bankruptcy petition, filed on January 16, 2006, contained obvious deficiencies, and on the very day after filing the bankruptcy judge gave the Debtor's attorney until February 1, 2006 to update the petition. This deadline came and went with nothing filed and on February 6, 2006, the bankruptcy judge filed an order dismissing the case.

The Debtor thereafter filed motions to vacate the dismissal and to obtain additional time to perfect the bankruptcy petition. Both motions were allowed by the bankruptcy judge. However, even the amended petition attracted the opposition of the Trustee, and on June 28, 2006, the Trustee filed a motion to dismiss the case. In lieu of any opposition to the motion, Debtor's

counsel filed an application for compensation. The Motion to Dismiss was allowed and the bankruptcy judge, as noted, disallowed counsel's fee application and required him to return funds in his possession to the Debtor.

 It is well established that in determining the reasonableness of attorney's fees, a bankruptcy judge has broad discretion and "only when the bankruptcy judge abuses this discretion is it proper for a reviewing court to interfere." *In re Botelho*, 8 B.R. 305, 306 (1st Cir. BAP 1981) (citation omitted). In this case, although the bankruptcy judge did not specify the reasons for his fee decision explicitly, the justification for the bankruptcy judge's action may be readily inferred from the record of this case. In determining the amount of reasonable compensation to be awarded to an attorney, the court "shall consider the nature, the extent, and the value of such services, taking into account all relevant factors...." 11 U.S.C. § 330(a)(3). Given the rather floundering prosecution of this bankruptcy case, the court cannot say that it was an abuse of discretion for the bankruptcy judge to determine that no fees should be awarded and that the monies obtained by Debtor's counsel should be returned to the Debtor.

For the foregoing reasons, the ruling of the bankruptcy judge dated August 23, 2006 is hereby AFFIRMED. Debtor's counsel is hereby ordered to return the sum of $2,711.00 to the Debtor no later than April 27, 2007, unless before that date a notice of appeal is filed with the First Circuit Court of Appeals. This appeal is ordered DISMISSED and the case may now be closed.

It is So Ordered.