IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 31, 2007

Charles R. Fulbruge III
Clerk

No. 07-10232
Summary Calendar

In The Matter Of: KENNETH ALLEN GOLDBLATT

Debtor

_____

KENNETH ALLEN GOLDBLATT

Appellant

v.

CAREY D EBERT, Trustee

Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CV-751

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Kenneth Goldblatt challenges the district court's dismissal of his untimely bankruptcy appeal. We AFFIRM.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This is Goldblatt's second appeal to this Court regarding the bankruptcy court's denial of his motions to compel a bankruptcy trustee to abandon claims. Goldblatt's first appeal from the bankruptcy court was dismissed by the district court for failure to timely comply with Federal Rule of Bankruptcy Procedure 8006. This Court affirmed the district court's decision on August 18, 2006. Goldblatt v. Ebert (In re Goldblatt), 203 Fed. Appx. 545, 548 (5th Cir. 2006). On September 18, 2006, Goldblatt filed a motion for rehearing in the bankruptcy court which was denied on October 2, 2006. He filed a notice of appeal with the bankruptcy court on October 20, 2006. On January 16, 2007, the district court held a telephone hearing with the parties and Goldblatt's appeal was dismissed. The minutes of that hearing indicate that the appeal was dismissed for "untimeliness of, inter alia, bankruptcy appeal, designation of record on appeal, and filing of appellant brief." Goldblatt now claims the district court erred in dismissing his appeal.

We review actions taken by a district court in its appellate role for abuse of discretion. Int'l Bhd. of Teamsters v. Braniff Airways, Inc. (In re Braniff Airways, Inc.), 774 F.2d 1303, 1305 (5th Cir. 1985). "[T]his court has held that, in reviewing a district court's dismissal of a bankruptcy appeal for non-jurisdictional defects under Federal Rule of Bankruptcy Procedure 8001(a), we should review the district court's action with attention to the prejudicial effect of delay on the appellees and the bona fides of the appellant." Zer-Ilan v. Frankford (In re CPDC Inc.), 221 F.3d 693, 698 (5th Cir. 2000) (internal quotations omitted). However, "[j]urisdictional questions are questions of law which are reviewed de novo." Estate of Smith v. Comm'r of Internal Revenue, 429 F.3d 533, 537 (5th Cir. 2005).

The Federal Bankruptcy Rules state that:

An appeal from a judgment, order, or decree of a bankruptcy judge to a district court . . . shall be taken by filing a notice of appeal with

2

the clerk within the time allowed by Rule 8002.  An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal . . . .

FED. R. BANKR. P. 8001(a).  Federal Rule of Bankruptcy Procedure 8002(a) requires that a "notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from."  "The District Court lacks jurisdiction of an appeal that is not timely filed." Robinson v. Robinson (In re Robinson), 640 F.2d 737, 738 (5th Cir. 1981); see also Rowles, Winston & Co. v. Morrow (In re Morrow), 564 F.2d 189, 190 (5th Cir. 1977).

Goldblatt's motion for rehearing was denied on October 2, 2006.  He filed a notice of appeal on October 20, 2006.  Because Goldblatt did not file his notice of appeal within ten days of the entry of judgment, the district court lacked jurisdiction to hear his appeal.  There is no need to review the district court's alternative bases for dismissal.

The district court's order dismissing the appeal is AFFIRMED.