IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-51058
Summary Calendar

IN THE MATTER OF IRENE ELIZABETH HOLLAND

Debtor

ESTATE OF ROSE PETRO

Appellant

v.

IRENE ELIZABETH HOLLAND

Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 06:07CV78

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

The sole issue on appeal is whether the district court erred in dismissing this bankruptcy appeal for lack of jurisdiction and in denying a motion for rehearing. On January 16, 2007, the bankruptcy court entered final judgment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in Adversary Proceeding Nos. 06-6001, 06-6002, and 06-6004. On January 26, 2007, Appellant filed a motion for a new trial in Adversary Proceeding No. 06-6001. On February 5, 2007, after the bankruptcy court closed Adversary Proceeding No. 06-6002, Appellant filed a Rule 60(b) motion for relief from judgment and a Rule 15(b) motion to amend arguing that counsel inadvertently forgot to include Adversary Proceeding No. 06-6002 in the motion for a new trial filed in Adversary Proceeding No. 06-6001. On February 9, 2007, Appellant filed an untimely notice of appeal in Adversary Proceeding No. 06-6002. On February 20, 2007, the bankruptcy court denied the Rule 60(b) and Rule 15(b) motions in Adversary Proceeding No. 06-6002 on the ground that counsel's inadvertence did not constitute excusable neglect. On May 3, 2007, Appellant filed an untimely notice of appeal from that order.[1]

Meanwhile, on March 15, 2007, Appellee filed a motion to dismiss the bankruptcy court appeal on the ground that the notice of appeal was not timely filed. On April 4, 2007, Appellant filed a motion for leave to file an out of time response to the motion to dismiss. On May 2, 2007, the district court granted the motion for leave and on May 29, 2007, granted the motion to dismiss. In doing so, the district court noted that Appellant never filed a response to the motion to dismiss. The district court then conducted an independent review of the record and concluded that the motion to dismiss "is meritorious and should be granted." On June 6, 2007, Appellant filed a motion for rehearing arguing that the response to the motion to dismiss was included with the initial motion for leave. On July 19, 2007, the district court denied the motion for rehearing, noting that the response was never electronically filed in conformity with the

---

[1] Although counsel maintains he did not receive notice of the February 20, 2007 order, he admits he was aware of it as of April 4, 2007. Nonetheless, he did not file a notice of appeal from that order until May 3, 2007, well beyond the 10-day deadline.

local rules for the district court.  On August 20, 2007, Appellant filed a timely notice of appeal to this court.

We review actions taken by a district court in its appellate role for abuse of discretion.  Int'l Bhd. of Teamsters v. Braniff Airways, Inc. (In re Braniff Airways, Inc.), 774 F.2d 1303, 1305 (5th Cir. 1985).  However, "[j]urisdictional questions are questions of law which are reviewed de novo."  Estate of Smith v. Comm'r of Internal Revenue, 429 F.3d 533, 537 (5th Cir. 2005).

Bankruptcy Rule 8002(a) governs the time for filing a notice of appeal from the bankruptcy court to the district court.  According to that Rule, "[t]he notice of appeal shall be filed with the clerk of the bankruptcy court within 10 days of the date of the entry of the judgment, order, or decree appealed from."  Fed. R. Bankr. P. 8002(a).  A district court lacks jurisdiction of a bankruptcy appeal that is not timely filed.  Arbuckle v. First Nat'l Bank of Oxford (In re Arbuckle), 988 F.2d 29, 32 (5th Cir. 1993); Robinson v. Robinson (In re Robinson), 640 F.2d 737, 738 (5th Cir. 1981); Rowles, Winston & Co. v. Morrow (In re Morrow), 564 F.2d 189, 190 (5th Cir. 1977).

Because the notice of appeal was not timely filed, the district court plainly lacked jurisdiction in this case.  See In re Arbuckle, 988 F.2d at 32; In re Robinson, 640 F.2d at 738; In re Morrow, 564 F.2d at 190.  Thus, the district court did not err in granting the motion to dismiss and in denying the motion for rehearing.[2]  Appellant argues that the district court erred in failing to address the issue of whether counsel's inadvertence constitutes excusable neglect.  However, the bankruptcy court rejected this argument in its order denying Appellant's Rule 60(b) motion.  Inexplicably, Appellant failed to file a timely

---

[2] Appellant maintains that the district court granted the motion to dismiss on the mistaken belief that Appellant failed to file a response.  This contention is only partly true.  The district court also conducted an independent review of the record and concluded that the motion to dismiss "is meritorious and should be granted."

notice of appeal from that order as well.  Thus, the district court did not err in failing to address Appellant's excusable neglect argument.  AFFIRMED.