**In re Cesar J. Otero QUEVEDO, Debtor.**

**Civ. No. 83–2364 GG.**

United States District Court,
D. Puerto Rico.

Dec. 8, 1983.

Charles A. Cuprill Hernández, Ponce, P.R., for appellant.

Antonio González Geigel, Hato Rey, P.R., for appellee.

## OPINION AND ORDER

GIERBOLINI, District Judge.

On October 20, 1983 we denied debtor-appellant's request to stay the order of the United States Bankruptcy Court issued on February 22, 1983 and, penalizing debtor-appellant's dilatoriness in filing his brief on appeal, we also dismissed the same for failure to comply with Rule 808 (now Rule 8009) of the Federal Rules of Bankruptcy. On October 27, 1983 debtor-appellant submitted a motion requesting us to reconsider asserting *inter alia* that his brief was due on October 17, 1983 and that it was submitted on October 18, 1983—only one day late. He contends that the delay on his part was too insignificant to warrant a dismissal of his appeal. We find, however, that debtor-appellant's brief was actually due on October 14, 1983 and that it was filed on October 24, 1983—ten days late in detriment to his creditors. Debtor's actions

are not insignificant and we therefore refuse to exercise our discretion in his favor.[1]

Rule 8009 of the Federal Rules of Bankruptcy provides in pertinent part that:

(a) Unless the district court or the bankruptcy appellate panel by local rule or by order excuses the filing of briefs or specifies different time limits:

(1) The appellant shall serve and file his brief within *15 days after entry of the appeal on the docket* pursuant to Rule 8007. (emphasis added)

In turn, Rule 8007 provides in part that:

On receipt of the transmission, the clerk of the district court or the clerk of the bankruptcy appellate panel shall enter the appeal in the docket and give notice promptly to all parties to the judgment, order, or decree appealed from of the date on which the appeal was docketed.

■ From the onset, neither this court nor an appellate panel has excused the filing of briefs or has provided for different time limits. Thus, pursuant to Rule 8009(a)(1), debtor-appellant had fifteen days from the time the notice of appeal was docketed in which to file his brief. In his motion, however, debtor-appellant claims that he was entitled to the fifteen days under Rule 8009(a)(1) plus an additional three days under Rule 9006(f). We disagree.

Rule 9006(f) of the Federal Rules of Bankruptcy states that:

Where there is a right or requirement to do some act or undertake some proceeding within a prescribed period after service of a notice or other paper and the notice or paper other than process is served by mail, three days shall be added to the prescribed period.

■ Certainly, Rule 9006(f) does not extend the 15-day time limit granted to debtor-appellant by Rule 8009(a)(1). The language of Rule 9006(f) makes it clear that a person is entitled to the three-day extension only if (1) he is *required to proceed or act after service of notice,* and (2) the notice is served by mail. In this case, debtor-appellant's duty under Rule 8009(a)(1) to submit a brief within the specified time limit did not, as a matter of law and as required by Rule 9006(f), commence as of the time he received service of notice by mail but rather as of the time his request for appeal was entered into the docket. *See* Rule 8009(a)(1), *supra.* When a statute provides that the time for taking action begins to run as of the date of the filing of pleadings, judgments, or orders, the fact that the notice of the filing was given by mail does not entitle the party to a three-day extension of time under Rule 9006(f). *See Pizzichil v. Motors Ins. Corp.,* 90 F.R.D. 119 (D.C.Pa. 1981); *Wilson v. Clark,* 414 So.2d 526 (Fla. 1982); *Merrill Lynch, Pierce, Fenner & Smith v. Kurtenbach,* 525 F.2d 1179 (8th Cir.1975); *Goff v. Pfau,* 418 F.2d 649 (8th Cir.1969).[2] Hence, Rule 9006(f) is inapplicable and as a consequence debtor-appellant cannot claim more than the fifteen days allotted by Rule 8009(a)(1) to submit his brief.[3]

---

1. It is interesting to notice that debtor's lack of diligence in prosecuting this appeal is not of recent origin. He filed his notice of appeal on March 24, 1983 and although Rule 806 of the Rules of Bankruptcy Procedure then in effect required the filing of the designation of the contents for inclusion on the record of appeal and the statement of issues to be filed within ten days after the filing of the notice of appeal, it was not until April 18, 1983, twenty-four days later, that debtor complied with that requisite. Thereafter, in a show of monumental indifference debtor-appellant permitted his appeal to languish without taking any action or making any effort for five additional months before the Clerk of the Bankruptcy Court finally transmitted the record on appeal to this court. As stated in our Order of October 20, 1983, the law does not serve those who unreasonably and unduly delay judicial procedures and later claim redress from the natural consequences flowing from those same delays.

2. This principle, as initially applied, concerned Rule 6(e) of the Federal Rules of Civil Procedure. However, since Rule 6(e) and Rule 9006(f) are identical in both language and in scope, we find that the principle is also applicable to Rule 9006(f). *See* Advisory Committee Note, Bankruptcy Code, Rules and Forms (West 1983) at 687.

3. Our position today should not surprise debtor-appellant since the general principle as stat-

Debtor-appellant's record on appeal was filed on September 26, 1983 at 5:03 p.m. It was marked as received by the docket clerk on September 27, 1983 but was actually docketed on September 28, 1983. Since Rule 8007 requires that notice be sent to all parties in interest of the date the appeal was docketed, and since the notice which was sent to debtor-appellant was dated September 29, 1983, we assume that the fifteen days available to debtor-appellant began to run as of that date. This being the case, we find that his brief was due fifteen days later, on October 14, 1983.

Debtor-appellant's brief was not received and filed by the court until October 24, 1983—twenty-five days after transmission of the record from Bankruptcy Court and ten days after his brief was actually due. Debtor's claim is that he filed his brief on October 18, 1983 and correctly argues that, pursuant to Rule 8008(a), his brief was deemed filed upon its mailing. However, the record is bereft of any indication that it was indeed, mailed on October 18, 1983. Taking into consideration the procedural history of this case and the fact that his brief was received six days after the supposed mailing, his allegation must be given little credence.

■■■ But even if we accept that debtor-appellant's brief was mailed on the alleged date, it was still admittedly filed untimely. He argues however, that his delay was too insignificant to warrant a dismissal of his appeal. Under the particular circumstances of this case, the dismissal *vel non* of the appeal is discretionary. Such action falls within the purview of Rule 8001 of the Federal Rules of Bankruptcy which provides that failure of an appellant to take any steps other than filing a notice of appeal is "grounds for such action as district court deems appropriate which may include dismissal of the appeal". Moreover, the case law holds that it is proper to dismiss an appellant's appeal for failure to file a brief or request an extension within the time allotted by the Bankruptcy Rules. *See In re Har-Dway House Statuary, Inc.*, 76 F.R.D. 204 (D.C.Mo.1977); *In re Soter*, 31 B.R. 986 (1983); *West v. Falconer*, 17 B.R. 929 (S.D.Ill.1982), Cf. *Community Coalition for Media Change v. F.C.C.*, 646 F.2d 613 (D.C.1980) (dismissal for failure to comply with rules); *Hickman Garment Co. v. N.L.R.B.*, 497 F.2d 1339 (6th Cir.1974) (dismissal for failure to file briefs); *Hawke v. McKee*, 391 F.2d 262 (5th Cir.1968) (dismissal for failure to submit briefs).

■■■ It is clear that the time limits set by the Rules of Bankruptcy are intended to provide for an expeditious resolution of bankruptcy proceedings. These limits cannot be ignored. *Sanitation Recycling, Inc. v. Jay Peak Lodging Association, Inc.*, 428 F.Supp. 1022 (D.C.Vt.1977). Mindful of the fact that time is the essence of prejudice to creditors, it is the role of this court to insure that all appeals are diligently prosecuted so as to protect creditors from any prejudice. *Pyramid Mobile Homes, Inc. v. Speake*, 531 F.2d 743 (5th Cir.1976).

In the case at bar, not only did debtor-appellant fail to submit his brief in a timely fashion but he did not even request an extension. This is in keeping with his pattern of dilatory conduct that we deplored in our Order of October 20, 1983. To have moved this court for an extension of time would have been the reasonable and diligent thing to do since the facile claim is made that more time was needed for orientation of the procedures contained in the new Bankruptcy Rules. Through his dilatory conduct and lack of diligence, debtor-appellant took the risk of causing prejudice to his creditors. We decline to be a party to any further prejudice in a case originally filed in the Bankruptcy Court almost two years ago—the final determination of which

---

ed is also the prevailing doctrine in the local courts of Puerto Rico. *See* Rule 68.3 (previous Rule 68.4) of the Rules of Civil Procedure of Puerto Rico and *Figueroa v. Superior Court*, 85 D.P.R. 83 (1977) where the court held that the starting point of an appeal or review under the Rules of Civil Procedure of Puerto Rico was the date of the filing by the clerk of the court and that the additional 3-day period granted by Rule 68.4 was not applicable because the rule referred only to acts to be done from and after service of notice—if service was made by mail.

has been effectively stymied by debtor-appellant.

WHEREFORE, for the above stated reasons, it is ordered that appellant's motion for reconsideration be and is hereby denied.

SO ORDERED.