SOUTHERN PACIFIC TRANSPORTATION COMPANY and St. Louis Southwestern Railway Company, Appellants,

v.

**VOLUNTARY PURCHASING GROUPS, INC., Appellee.**

No. 3:98–CV–051.

United States District Court, E.D. Texas, Paris Division.

Jan. 22, 1999.

---

David W. Elrod, Michael Calvin Wright, Mark A Calhoun, Calhoun & Stacy, Dallas, TX, for Southern Pacific Transportation Company.

David W. Elrod, Elizabeth Reding Gambrell, Mark A. Calhoun, Calhoun & Stacy, Dallas, TX, for St. Louis Southwestern Railway Co.

James Patrick Kelley, Ireland, Carroll & Kelley, Tyler, for Voluntary Purchasing Groups Inc.

Hal F. Morris, Attorney General's Office, Austin, TX, for Texas Natural Resource Conservation Commission, Natural Resource Damage Trustees, movants.

Lynette Randee Warman, Jenkens & Gilchrist, Dallas, TX, Gregory Getty Hesse, for Official Unsecured Creditor's Committee of Voluntary Purchasing Groups, Inc.

---

1. Rule 8009(a)(3) provides in relevant part: "The appellant may serve and file a reply brief within 10 days after service of the brief of appellee."

2. Rule 9006(f) provides: "When there is a right or requirement to do some act or undertake some proceedings within a prescribed period after service of a notice or other paper and the notice or paper other than process is served by mail, three days shall be added to the prescribed period." The Committee cites *In re Quevedo*, 35

## ORDER DENYING COMMITTEE'S MOTION TO STRIKE BRIEF

SCHELL, District Judge.

This matter is before the court on the Motion to Strike Railroads' Reply Brief (Dkt.# 29) filed on October 8, 1998, by the Official Unsecured Creditor's Committee (the "Committee"). On October 15, 1998, Appellants Southern Pacific Transportation Company and St. Louis Southwestern Railway Company (collectively the "Railroads") filed a joint response in opposition to the Committee's motion. On October 22, 1998, the Committee filed a reply to the Railroads' response. Through its motion, the Committee argues that the Railroads' reply to the Committee's appellate brief was not timely filed. It contends that the Railroads' reply brief was due ten (10) days after the Committee's appellate brief was filed on September 21, 1998. Because the Railroads did not file their reply brief until October 5, 1998, the Committee argues that the brief was submitted five (5) days too late and should be stricken as a result. Finding the Committee's calculation of the relevant filing period to be incorrect, the court concludes that the instant motion should be DENIED.

▮ Rule 8009 of the Federal Rules of Bankruptcy Procedure establishes deadlines for filing appellate briefs in bankruptcy cases. Bankruptcy Rule 9006 governs the computation of time for such deadlines. As the Committee correctly points out, under Rule 8009(a)(3) the Railroads had ten (10) days from the date that the Committee's appellate brief was filed and served in which to file a reply brief.[1] In addition to this ten-day period, however, Rule 9006(f) adds an additional three (3) days because the Railroads were served with the Committee's appellate brief by mail.[2] Moreover, Rule 9006(a) excludes the day that the Commit-

B.R. 117, 119 (D.P.R.1983), for the proposition that Rule 8009(a) is not subject to the three-day "mail box" extension set forth in Rule 9006(f). That case, however, is inapposite. In *Quevedo*, the court merely held that a party is not entitled to the benefit of Rule 9006(f)'s mail box extension when the notice received by mail comes from the court clerk and simply notifies the party that a pleading, judgment, or order has been filed in the case. *Id.* Here, the paper served by mail to the Railroads was the Committee's appel-

tee's brief was served from the computation of the thirteen-day period, as well as excluding the last day of that period if it falls on a weekend or a legal holiday. As explained by the editors of Rule 9006: "To compute the time under this Rule, the designated period of time begins to run by excluding the date of entry, but including the last date, unless the last date falls on Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next business day." *See* Fed. R. Bankr.P. 9006 editor's cmt. Counting from September 22, 1998, therefore, the Railroads had thirteen (13) days in which to file a reply to the Committee's appellate brief. The thirteenth day in this instance fell on Sunday, October 4, 1998. Because that day must be excluded from the computation of time, the Railroads' reply brief was not due until Monday, October 5, 1998. Hence, when the Railroads filed their reply brief on that date they did so in a timely manner.

 Even if this were not the case, however, the court would deny the Committee's motion under the circumstances of this case. The filing deadlines imposed by Rule 8009 are not jurisdictional, and the decision whether to sanction a party for failure to comply with those deadlines is within the court's discretion. *See In re Braniff Airways, Inc.,* 774 F.2d 1303, 1304–1305 (5th Cir.1985). In exercising that discretion, courts consider such things as whether a party's noncompliance is due to bad faith, egregious behavior, consistently dilatory conduct, negligence, or indifference. *See In re Beverly Mfg. Corp.,* 778 F.2d 666, 667 (11th Cir.1985). Because none of those considerations are present in this case and neither the Committee nor any other party has been prejudiced by the Railroads' alleged tardiness in filing their reply brief, it would not be in the interest of justice to strike that brief.

It is, therefore, ORDERED that the Committee's Motion to Strike Railroads' Reply Brief is hereby DENIED.

lee's brief, which clearly is covered by the language of Rule 9006(f). To the extent that *Quevedo* can be read to hold that Rule 9006(f) never

applies to the deadlines set forth in Rule 8009, the court declines to follow that case.