# United States Court of Appeals
## For the First Circuit

No. 05-1962

PUERTO RICO HOSPITAL SUPPLY, INC.,

Plaintiff, Appellee,

v.

BOSTON SCIENTIFIC CORP.,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Hector M. Laffitte, U.S. District Judge]

Before

Boudin, <u>Chief Judge</u>,
Siler,[*] <u>Senior Circuit Judge</u>,
and Saris,[**] <u>District Judge</u>.

<u>Humberto Guzman-Rodriguez</u>, with whom <u>Edward W. Hill-Tolinche</u> and <u>Jorge Soltero-Pales</u> were on brief, for appellant.
<u>Jesus E. Cuza</u>, with whom <u>John L. McManus</u> and <u>Linda M. Reck</u> were on brief, for appellee.

October 21, 2005

---

[*]Of the Sixth Circuit, sitting by designation.

[**]Of the District of Massachusetts, sitting by designation.

**SILER**, <u>Senior Circuit Judge</u>. Plaintiff Puerto Rico Hospital Supply, Inc. ("PRHS") filed suit against Boston Scientific Corporation ("BSC") in the United States District Court in Puerto Rico for the purpose of obtaining a preliminary injunction pending arbitration before the International Chamber of Commerce ("ICC"). PRHS appeals the district court's denial of the injunction on the basis that the district court applied the wrong legal standard. We **AFFIRM** the district court.

## I. BACKGROUND

PRHS is a Puerto Rico company in the business of distributing medical products. BSC is a manufacturer of medical products and is incorporated in Delaware with a principal place of business in Massachusetts. In 1989, the two businesses entered into a contract under which PRHS would become the exclusive distributor of BSC products in Puerto Rico. The contract specified that PRHS would use its "best efforts to develop and promote" BSC's products and that PRHS would "maintain, at [PRHS's] own expense, an adequate inventory" of BSC products. The term of the agreement was one year, but it could be extended for additional one-year periods provided that both parties agreed to the extension. The contract was extended for one-year periods through the normal course of business until 2005. Under the contract, either party could terminate or not renew the agreement for cause after giving the breaching party sixty days to remedy the problem. Otherwise, any

party could terminate the agreement by giving the other twelve months notice. The choice-of-law provision states that the agreement "shall be governed by the laws of the Commonwealth of Massachusetts and, to the extent applicable, the Commonwealth of Puerto Rico and the United States of America." The agreement specifies that all disputes, including those relating to the construction of the contract, shall be arbitrated under the rules and the governance of the ICC.

In a letter dated April 29, 2005, BSC sent PRHS notice that it did not intend to renew the contract after it was set to expire on June 30, 2005. The letter cited three reasons for not wishing to renew: 1) that PRHS "failed to use its best efforts to develop and promote the use and sale" of BSC products such that "BSC's goodwill has been negatively affected" causing a loss of "millions of dollars in sales"; 2) that PRHS "failed to maintain an adequate inventory" of BSC products; and 3) that PRHS failed to "timely pay the amounts owed" to BSC. The letter stated that if PRHS began to meet its contractual obligations, BSC would reconsider terminating their relationship.

PRHS filed a complaint with the ICC to arbitrate the merits of this case. It also filed a complaint in district court for the sole purpose of obtaining a preliminary injunction pending arbitration. The ICC rules provide that either an arbitrator or a court can issue interim relief. The district court denied the

motion for injunctive relief by analyzing this case under the traditional test.  PRHS appeals.  This court has jurisdiction under 28 U.S.C. § 1292(a)(1).

## II.  STANDARD OF REVIEW

This court reviews the denial of the preliminary injunction for an abuse of discretion.  <u>Charlesbank Equity Fund II</u> v. <u>Blinds To Go, Inc.</u>, 370 F.3d 151, 158 (1st Cir. 2004).  This court reviews abstract issues of law *de novo*, recognizing that an error of law is always an abuse of discretion.  <u>Id</u>.  Factual findings, however, are reviewed for clear error.  <u>New Comm Wireless Servs., Inc.</u> v. <u>SprintCom, Inc.</u>, 287 F.3d 1, 9 (1st Cir. 2002).

## III.  DISCUSSION

A district court has jurisdiction to issue preliminary injunctions to preserve the status quo pending arbitration. <u>Bercovitch</u> v. <u>Baldwin Sch., Inc.</u>, 133 F.3d 141, 151 (1st Cir. 1998) (citing <u>Teradyne, Inc.</u> v. <u>Mostek Corp.</u>, 797 F.2d 43, 51 (1st Cir. 1986)).  Additionally, the ICC rules, which were incorporated into the contract, allow either the arbitrator or "any competent judicial authority" to issue interim relief.  Rules of Arbitration of the ICC, Article 23, <u>available at</u> http://www.iccwbo.org/court/english/arbitration/rules.asp.  Thus, the court did not err in hearing the  case and deciding the matter.

The essence of PRHS's argument is that the district court erred in not making a "provisional choice of law," and that such a

choice would have resulted in the application of Puerto Rico's Law 75, 10 P.R. Laws Ann. § 278 ("Law 75").[3] Because this argument was not made below, it was waived. See Carcieri v. Norton, 398 F.3d 22, 39 (1st Cir. 2005) ("The general rule is that issues not raised in district court cannot be raised for the first time on appeal as a matter of right.").

Additionally, PRHS's actions below appear to have invited the very error it now claims. See Austin v. Unarco Indus., Inc., 705 F.2d 1, 15 (1st Cir. 1983) (citing McPhail v. Mun. of Culebra, 598 F.2d 603, 607 (1st Cir. 1979)). In general, "a party may not appeal from an error to which he contributed, either by failing to object or by affirmatively presenting to the court the wrong law." Id. The district court repeatedly stated that it would not make a choice-of-law determination, despite BSC's insistence that it must do so to properly rule on the motion. Not only did PRHS not object to the court's intentions, but it also stated that the determination would not turn on a choice-of-law interpretation. Rather, PRHS stated, in relevant part: "My point and my client's point is that this court should not go into either Puerto Rico law . . . or . . . Massachusetts law to decide whether my client . . .

---

[3]Law 75 is a Puerto Rican dealers' law enacted "to protect Puerto Rico dealers from the harm caused when a supplier arbitrarily terminates a distributorship once the dealer has created a favorable market for the supplier's products," which prevents suppliers from refusing to renew or terminating a covered contract, except for just cause. R.W. Int'l Corp. v. Welch Food, Inc., 13 F.3d 478, 482 (1st Cir. 1994).

is entitled to the injunction" and "[m]y only request to this Court is [to] . . . retain the status quo, and let the arbitrator decide, whether it is Massachusetts [or] Puerto Rico" law. In its opinion, the district court followed federal law; and, as PRHS implored the court not to determine applicable law, PRHS cannot now assert error for the choice.

Even if there is no invited error or waiver, the district court was faced with an ambiguous choice-of-law provision. The parties' contract stated that "[t]his Agreement . . . shall be governed by the laws of the Commonwealth of Massachusetts and, to the extent applicable, the Commonwealth of Puerto Rico and the United States of America." This provision is ambiguous because the phrase "to the extent applicable" does not clearly dictate which law should apply under what circumstances. PRHS's witness said that he wanted Puerto Rico law to apply, and suggested that this was in order to gain the benefits of Law 75. BSC, of course, may not have shared this understanding." Because neither the contract nor the evidence presented clarify the parties' intent, the provision is ambiguous.

Ambiguous choice-of-law provisions should be determined by the arbitrator, not the district court. Medika Int'l, Inc. v. Scanlan Int'l, Inc., 830 F. Supp. 81, 88 (D.P.R. 1993). However, the fact that the choice-of-law determination is left to the arbitrator should not prevent a district court from making a preliminary

judgment regarding which law to apply for the purposes of injunctive relief. In the face of an ambiguous choice-of-law provision, the district judge made a permissible choice to apply federal law as the default standard for preliminary injunction purposes. In Medika Int'l, Inc. v. Scanlan Int'l Inc., the court examined a contract involving a Minnesota choice-of-law provision which may have contravened Law 75. Id. The court held that the arbitrator should decide the applicability of Minnesota law, and it applied federal law when determining the merits of the plaintiff's request for a preliminary injunction. Id. Because preliminary relief is intended to deal with temporary conditions, the district's court decision to apply the federal law standard, given the ambiguous choice-of-law provision, was a reasonable one. The district court thus did not err in applying federal law.

PRHS relies on Danieli & C. Officine Meccaniche S.p.A. v. Morgan Constr. Co., 190 F. Supp. 2d 148, 156-57 (D. Mass. 2002), for the proposition that a district court has the authority to make a provisional choice of law. Yet that decision explicitly stated that when "an agreement contains a valid arbitration clause as well as a choice of law provision, the determination of what law applies should be made by the arbitrator." Id. The district judge in Danieli declined to make a choice-of-law determination; rather, he simply selected what law to apply for the limited purpose of evaluating the availability of preliminary injunctive relief. Id.

Similarly, in the case at hand, the district court used the federal standard to determine if PRHS was entitled to an injunction, but did not address the likelihood of success on the merits because PRHS had not proven irreparable harm.

To determine whether PRHS was entitled to an injunction, an applicable law must be selected - the district court chose federal law.[1]  Both the Medika and Danieli courts relied on the traditional four-part test for preliminary injunctions, and the district court here did not err in doing the same.  Because this case involved the district court's authority to issue an injunction under the FAA, and because the choice-of-law provision provided that the case should be governed by federal law "to the extent applicable," the district court properly applied federal law, leaving for the arbitrator the choice-of-law determination.

---

[1]The Massachusetts standard for issuing a preliminary injunction closely tracks the federal standard:

> The judge initially evaluates in combination the moving party's claim of injury and chance of success on the merits. If the judge is convinced that failure to issue the injunction would subject the moving party to a substantial risk of irreparable harm, the judge must then balance this risk against any similar risk of irreparable harm which granting the injunction would create for the opposing party. What matters as to each party is not the raw amount of irreparable harm the party might conceivably suffer, but rather the risk of such harm in light of the party's chance of success on the merits.

Siemens Bldg. Techs., Inc. v. Div. of Asset Capital Mgmt., 791 N.E.2d 340, 343 (Mass. 2003).

Even if the district court's application of federal law was in error, any such error is harmless because there is no clear indication that the case would come out differently under Law 75, which, although not explicitly requiring irreparable harm, does entail a balancing of the equities. The federal test looks to the following four factors: 1) the likelihood of success on the merits; 2) the potential for irreparable harm if the injunction is not granted; 3) the balance of impositions on both parties; and 4) the effect of the ruling on the public interest. <u>Air Line Pilots Ass'n, Int'l.</u> v. <u>Guilford Transp. Indus., Inc.</u>, 399 F.3d 89, 95 (1st Cir. 2005). Law 75 prohibits the termination of established business relationships in Puerto Rico without "just cause," and to obtain an preliminary injunction, the plaintiff must show: 1) the public policy of Law 75; 2) whether the plaintiff is a dealer; and 3) the interests of the parties and balancing the equities. <u>Tatan Mgmt.</u> v. <u>Jacfran Corp.</u>, 270 F. Supp. 2d 197, 200 (D.P.R. 2003).

The district court denied PRHS's request for an injunction on the basis that it could not show an irreparable injury. There is little to suggest that once the district judge found there was no irreparable harm threatened, he would have gone on to grant a preliminary injunction in light of the rather serious breach of contract allegations raised by BSC against PRHS. PRHS claimed that it would be harmed because it would lose profits, that one of its employees would be affected in some way, and that its business

would be impacted.  None of these factual findings has been challenged on appeal, and none of them is clearly erroneous based on the record.  These injuries are not irreparable because later-issued damages can properly compensate any wrong committed.  Rio Grande Cmty. Health Ctr. v. Rullan, 397 F.3d 56, 76 (1st Cir. 2005).  Because PRHS cannot establish irreparable harm, the district court did not abuse its discretion in denying the injunction, and any error of law is harmless.

## IV.  CONCLUSION

For the above reasons, the decision of the district court is **AFFIRMED.**