**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

No. 06-1091

IN RE: JACQUES DIMITRI ELIAS,

Debtor.

_____

JACQUES DIMITRI ELIAS,

Appellant,

v.

LAWRENCE P. SUMSKI, TRUSTEE, ET AL.,

Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Paul Barbadoro, U.S. District Judge]

Before

Selya, Lynch and Howard,
Circuit Judges.

Leonard G. Deming, II and Deming Law Office, on brief for
appellant.

June 2, 2006

**Per Curiam.** This is an interlocutory appeal from the district court's denial of (1) a motion to stay a bankruptcy court order pending appeal of that order to the district court and (2) a motion for reconsideration of the denial of the motion to stay. Although the appellant has not filed a motion for a stay pending appeal in this court, his brief seeks such relief and alleges that he will be irreparably harmed without it. Because we find that this appeal presents no substantial question, see 1st Cir. R. 27(c), we proceed to the merits.

The underlying bankruptcy court order, which the debtor seeks to stay pending his appeal to the district court, granted a creditor, Wachovia Bank ("the bank"), relief from the automatic stay to enable it to foreclose on its mortgage loan to the debtor, which was secured by the debtor's home. That order was based on the debtor's pre-petition arrearages[1] and his subsequent failure to comply with an "adequate protection" order requiring him to make timely monthly payments to the bank in specified amounts.

As the debtor acknowledges, the courts below properly applied the traditional four-part standard applicable to preliminary injunctions in determining whether to grant a stay pending appeal, Acevedo-Garcia v. Vera-Monroig, 296 F.3d 13, 16 (1st Cir. 2002), namely, "(1) whether the applicant has made a

---

[1]According to the bankruptcy court docket, the bank has a secured claim of $257,458.43, and the pre-petition arrearage on its mortgage note was $45,144.34.

-2-

strong showing of success on the merits; (2) whether the applicant will be irreparably harmed absent injunctive relief; (3) whether issuance of the stay will injure other parties; and (4) where the public interest lies," id. at 16 n.3. We review the lower courts' denial of such relief for abuse of discretion or error of law. Sunshine Dev., Inc. v. FDIC, 33 F.3d 106, 110-11 (1st Cir. 1994).

The debtor's argument that the lower courts should have given greater weight to the balance of harms--as opposed to the debtor's likelihood of success on appeal--is foreclosed by our decisions emphasizing that "'[t]he sine qua non [of the stay pending appeal standard] is whether the [movants] are likely to succeed on the merits,'" Acevedo-Garcia, 296 F.3d at 16 (quoting Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993)), and that, accordingly, "'[w]hat matters . . . is not the raw amount of irreparable harm [a] party might conceivably suffer, but rather the risk of such harm in light of the party's chance of success on the merits,'" P.R. Hosp. Supply, Inc. v. Boston Scientific Corp., 426 F.3d 503, 507 n.1 (1st Cir. 2005) (quoting the Massachusetts standard, which "closely tracks the federal standard").

The debtor's chances of success on the merits of his appeal to the district court do appear slim. The debtor does not allege that the bankruptcy court committed any factual errors in finding that, at the time that the bank filed its affidavit of noncompliance with the adequate protection order, the debtor's

payments were short $2,782, approximately one and a half regular monthly payments, and that some of those payments were late. Nor could such a claim reasonably be made since, in making those findings, the bankruptcy court relied on the evidence produced by the debtor himself, rather than that originally produced by the bank, which the debtor claims was inaccurate and incomplete.

Nor does the debtor argue that his original delinquency, coupled with his failure to comply with the adequate protection order, did not constitute "cause" for granting relief from the automatic stay under 11 U.S.C. § 362(d). Any such argument would be unavailing, given the statute's definition of "cause" as "including the lack of adequate protection of an interest in property of [a] party in interest." Id. § 362(d)(1).

Rather, the debtor premises his likelihood of success on the allegedly confusing nature of the adequate protection order, his good faith, and his substantial compliance with the order. We see nothing confusing about the adequate protection order, which specified precisely when and in what amounts the payments were to be made. And the debtor has cited no authority for the proposition that his alleged good faith and substantial compliance with the adequate protection order are legally relevant to whether to grant relief from the automatic stay to a creditor whose interests are otherwise inadequately protected. In any event, we see no abuse of

discretion in refusing to stay an order relieving the bank from the automatic stay under the circumstances presented here.

Furthermore, we agree with the bankruptcy court that "the Debtor's demonstrated inability to make timely adequate protection payments over a period of time renders his contention that the interests of [the bank] can be protected by the Debtor's ability to continue making adequate protection payments unpersuasive." Therefore, even the balance of harms is not clearly in the debtor's favor.

Because the debtor has not shown that the district court either abused its discretion or erred as a matter of law in denying his motions for a stay and for reconsideration, the district court's orders are <u>affirmed</u>.