**MAXON ENGINEERING SERVICES, INC., represented by its Chapter 7 Trustee, Noreen WISCOVITCH–RENTAS, Appellant**

v.

**MUNICIPALITY OF AIBONITO, Appellee.**

Civil Nos. 08–1733 (SEC), 08–1741(SEC).

United States District Court, D. Puerto Rico.

Nov. 17, 2008.

---

Fausto D. Godreau-Zayas, Latimer, Biaggi, Rachid & Godreau, San Juan, PR, for Debtor.

### OPINION AND ORDER

SALVADOR E. CASELLAS, Senior District Judge.

Pending before the Court are two appeals (Cases Nos. 08–1733 & 08–1741) filed by Noreen Wiscovitch–Rentas, Debtor Maxon Engineering Services, Inc.'s Chapter 7 Trustee (hereinafter referred to as "Appellant"). Appellant appeals the Orders and Judgments issued by the United States Bankruptcy Court for the District of Puerto Rico dismissing certain adversary proceedings brought against Appellee Municipality of Aibonito (hereinafter referred to as "Appellee").[1] On October 9, 2008, Appellant filed a motion requesting the consolidation of cases nos. 07–1733, 08–1734, 08–1736, 08–1737–08–1738, 08–1739, 08–1740 and 08–1742 filed before this Court, and an extension of time to file the appellant brief. Case No. 08–1733, Docket # 8; Case No. 08–1741, Docket # 4. Appellee filed an opposition thereto and requested the dismissal of the case for want of prosecution. Case No. 08–1733, Docket # 9; Case No. 08–1741, Docket # 5. After reviewing the filings and the applicable law, Appellee Municipality of Aibonito's request for dismissal is **GRANTED.**

### Factual and Procedural Background

*Case No. 08–1733*

On July 7, 2008, Appellant filed a notice of appeal of the Bankruptcy Court's Order and Judgment granting Appellee's motions for summary judgment and for entry of judgment. Case No. 04–4781(GAC), ADV. 07–00138. The Bankruptcy Court conclud-

---

1. The Bankruptcy Court also dismissed adversary proceedings 07–148, 07–168, 07–174, 07–183, 07–194, 07–196 and 07–216. Appeals were filed for each dismissal, respectively 08–1734, 08–1735, 08–1736, 08–1737, 08–1738, 08–1739, 08–1740 and 08–1742.

ed that Appellant's claims were time barred pursuant to 11 U.S.C. § 549(d). Pursuant to section 549(d), an action or proceeding seeking avoidance of post-petition transactions or transfers based on a pre-petition debt "may not be commenced after the earlier of (1) two years after the date of the transfer sought to be avoided; or (2) the time the case is closed or dismissed." Since the post-petition transfers the Appellant sought to avoid were made on May 7 and June 1, 2004, and the adversary proceeding seeking their avoidance was commenced on June 10, 2007, the Bankruptcy Court concluded that Appellant's claims were time-barred and dismissal was warranted.

Upon the entry of the appeal in the docket, this Court notified Appellant that the appellant's brief was due by 7/28/2008. Docket # 1. This Court notes that Appellant did not request an extension of time within the period of 15 days to file the brief as required by FED. R. BANKR.R 8009(a). Furthermore, to this date, Appellant has not filed the appellant brief.

*Case No. 08–1741*

On July 7, 2008, Appellant filed a notice of appeal of the Bankruptcy Court's Order and Judgment dismissing Appellant's adversary proceeding seeking the return of a post-petition transfer based on a pre-petition debt. Case No. 04–4781(GAC), ADV. 07–202. The Bankruptcy Court noted that pursuant to 11 U.S.C. § 546(a), the limitations period for an action under 11 U.S.C. § 547, seeking avoidance of a post-petition transfer based on a pre-petition debt, is two years after the entry of the order for relief, or one year after the appointment of a Chapter 7 Trustee, if the trustee is appointed within the initial two year period. Since the action commenced by the Trustee did not comply with any of the before mentioned requisites, the Bankruptcy Court concluded that pursuant to 11 U.S.C. § 546(a) the action was time-

barred. Furthermore, the Bankruptcy Court held that the doctrine of equitable tolling was inapplicable to Appellant's action because there had been no showing that the defendants had engaged in any wrongful conduct. As such, the Bankruptcy Court dismissed the adversary proceeding.

On July 7, 2008, upon entry of the appeal in the docket, this Court notified Appellant that the appellant's brief was due by 7/28/2008. Docket # 1. Appellant failed to comply with said order, and as a result, on August 28, 2008, the Court issued an order for Appellant to show cause as to why the appeal should not be dismissed for lack of prosecution. Docket # 2. In response to the Court's order, Appellant alleged that "it neglected to file the Appellant Brief due to a huge volume of adversary proceedings filed in the instant case, the intense litigation produced by the sale and exportation of the Power Plant, the trips to Santo Domingo, and the fact that the related appeals are still being transferred to different Judges." Docket # 3. As such, Appellant requested an additional 5 days to file the appellant's brief and to request the consolidation of the appeals filed before the Court. Docket # 3. However, to this date, Appellant has not filed the appellant brief.

On October 9, 2008, three months after the filing of the instant appeals, Appellant filed the motion to consolidate cases 07–1733, 08–1734, 08–1736, 08–1737–, 08–1738, 08–1739, 08–1740 and 08–1742 pending before the Court. Case No. 08–1731, Docket # 8; Case No. 08–1741, Docket # 4. Appellant avers that the before mentioned appeals, as well as an additional six appeals that will be filed with the Court, share common issues of fact and law and, as such, should be consolidated. Appellant also petitions the Court to grant leave to

file only one brief once all appeals have been duly filed and consolidated.

Appellee filed a memorandum in opposition to Appellant's motion for consolidation and requested the dismissal of the instant appeals per FED. R. CIV. P. 41(b), due to Appellant's failure to prosecute the cases and to comply with this Court's orders. Case No. 08–1731, Docket # 9; Case No. 08–1741, Docket # 5. According to Appellee, a request for consolidation under FED. R. CIV. P. 42 cannot be granted as to actions that are not before the Court, thus Appellant's request for consolidation of appeals that have yet to be filed is premature and should be denied. Appellee also contends that Appellant has failed to file the appellant brief within the ten day period provided by FED. R. BANKR. R. 8009(a), despite the Court's orders to that effect. Hence, Appellee requests the dismissal of the instant case for want of prosecution.

**Applicable Law and Analysis**

 FED. R. BANKR.R. 8009(a) provides that "[u]nless the district court or the bankruptcy appellate panel by local rule or by order excuses the filing of briefs or specifies different time limits: (1) The appellant shall serve and file his brief within 15 days after entry of the appeal in the docket pursuant to Rule 8007." This Court has held "that it is proper to dismiss an appellant's appeal for failure to file a brief or request an extension within the time allotted by the Bankruptcy Rules." *In re Quevedo (Cesar J. Otero)*, 35 B.R. 117, 120 (D.Puerto Rico 1983). The Court has also emphasized the importance of enforcing these types of procedural rules even when doing so may seem harsh. *Rodríguez–Quesada v. U.S. Trustee*, 222 B.R. 193 (D.Puerto Rico 1998). Insofar as procedural rules such as FED. R. BANKR. R. 8009 "are intended to provide an expeditious resolution of bankruptcy proceedings [. . .]", they should not be ignored. *In re: Cesar J. Otero*, 35 B.R. at 120. Further-

more, the Court notes that the appellant brief serves a very important purpose. It contains a statement of the basis of appellate jurisdiction, the issues presented before the Court and applicable standard of review, a statement of relevant facts and all arguments thereto. FED. R. BANKR. R. 8010, 11 U.S.C. R. 8010. Therefore, failure to file the appellate brief divests the district court of the information needed to adequately review the case.

As previously mentioned, in response to the Court's order to show cause, Appellant argued that the delay in the filing of the brief was due to a "huge volume of adversary proceedings filed in the instant case, the intense litigation produced by the sale and exportation of the Power Plant, the trips to Santo Domingo, and the fact that the related appeals are still being transferred to different Judges." Case No. 08–1741, Docket # 3. According to Appellant, absent a showing of bad faith, negligence or indifference, the late filing of the brief does not justify the dismissal of an appeal. However, as discussed above, this Court has held that failure to timely file the appellant brief, or request an extension of time within the 15 day period to file said brief, constitutes grounds for dismissal.

The instant appeals were filed on July 7, 2008. On the same date, the Court ordered the filing of the appellant briefs by July 28, 2008. Once the appeals had been entered into the Court's docket on July 7, 2008, FED. R. BANKR. R. 8009 required the filing of the appellant brief within 15 days or the filing of a request for an extension of time to comply with the said rule's requirements. Appellant never requested an extension of time to file the brief after the allotted 15 day period. Upon the Court's order to show cause on Case No. 08–1741, Appellant argued that a high volume of work and the shuffling of the numerous appeals filed stemming from the

same case, had impeded the filing of the appellate brief. Although Appellant requested leave to file the brief in 5 days, to expire on September 8, 2008, she failed to do so despite the Court's warning as to the possible dismissal of the case. It was not until three months after the filing of the appeal that Appellant filed a motion requesting the consolidation of the appeals pending before the Court, as well as the consolidation of six additional appeals that have yet to be filed to the Court. On said occasion, Appellant also requested leave to file the appellant brief after all appeals had been filed with the Court and consolidated.

 Appellant's requests for extensions of time to file the appellant brief were tardy and unjustified. The Court shall only extend a deadline after a showing of good cause as to why the deadline cannot be reasonably met despite the diligence of the party seeking the extension. *O'Connell v. Hyatt*, 357 F.3d 152, 154 (1st Cir.2004). Moreover, the Court has consistently held that a heavy workload or personal problems do not excuse a party's failure to comply with the Court's orders. More so when a party has been warned by the Court as to the possible consequences such actions entail. *León v. Municipality of San Juan*, 2007 U.S. Dist. LEXIS 23280 (D.P.R.2007), *Rivera–Torres v. Rey–Hernández*, 2006 WL 2460883, 2006 U.S. Dist. LEXIS 63621 (D.Puerto Rico 2006)(citing *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 5 (1st Cir.2002)). Although dismissal can be a harsh sanction in some circumstances, in the instant cases, Appellant's disregard for the Court's orders and the applicable rules have excessively delayed the proceedings before this Court and are inexcusable. FED. R. CIV. P. 41(b) grants the Court discretion to dismiss a case when parties fail to prosecute a case or to comply with the Court's orders. *Torres–Alamo v. Puerto Rico*, 502 F.3d 20, 25 (1st Cir.2007)(citing *Cintrón–Lorenzo v. Departamento de Asuntos del Consumi-*

*dor*, 312 F.3d 522, 526 (1st Cir.2002)). As such, the Court will exercise its discretion and dismiss Appellant's appeals.

In light of the above, Appellant's request to consolidate the above mentioned appeals is **DENIED**. Furthermore, Appellant's request for an extension of time to file the appellant brief is also **DENIED**. Appellee's motions to dismiss are **GRANTED** and the instant appeals (Cases Nos. 08–1733 & 08–1741) are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**