**In re CANTERA DORADO, INC., Debtor.**

**Cantera Dorado, Inc., Appellant,**

v.

**PR Asset Portfolio 2013–1 International, LLC, et al., Appellees.**

**Civil No. 14–1312 (FAB).**

United States District Court, D. Puerto Rico.

Signed June 23, 2014.

Rafael A. Gonzalez–Valiente, Latimer, Biaggi, Rachid & Godreau, San Juan, PR, for Debtor.

Jose Raul Cancio–Bigas, Danna Enid Planas–Ocasio, Ileana M. Oliver–Falero,

Cancio Covas & Santiago LLP, San Juan, PR, for Appellees.

### MEMORANDUM AND ORDER[1]

BESOSA, District Judge.

Before the Court are (1) Cantera Dorado, Inc. ("Debtor")'s motion for stay pending appeal, and (2) PR Asset Portfolio 2013–1 International, LLC ("PRAPI") and Trustee Wilfredo Segarra–Miranda ("Trustee" and, together with PRAPI, "Appellees")'s motion to dismiss the pending appeal for lack of jurisdiction. (Docket Nos. 4 & 10.) For the reasons discussed below, the Court **DENIES** Appellees' motion to dismiss, **DENIES** Debtor's motion requesting a stay, and **DISMISSES** Debtor's appeal in its entirety.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 3, 2012, Debtor filed a voluntary pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Puerto Rico ("the Bankruptcy Court"). (Docket No. 1–8 at p. 19.) On January 22, 2014, PRAPI, on of Debtor's creditors, filed a motion to convert the case to Chapter 7. (Docket No. 2–9 at p. 22.) Local Bankruptcy Rule 9013–1(c)(1) provides that, in the absence of any timely objection to the motion, "the paper will be deemed unopposed and may be granted." Debtor did not take any action to oppose the motion, and, on February 11, 2014, the bankruptcy court entered an order converting the case to a Chapter 7 proceeding. (Docket No. 15–1 at p. 1.) The following day, the bankruptcy court issued an order appointing Wilfredo Segarra–Miranda as the Chapter 7 Trustee. (Docket No. 2–11 at pp. 1–2.)

On February 12, Debtor filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59, but the Bankruptcy Court denied the motion on February 13, 2014. (Docket Nos. 15–2 & 15–3.) Shortly thereafter, the Trustee, with an eye toward auctioning off Debtor's mining and heavy equipment, filed a Notice of Intent to Sell Property at Public Sale. (Docket No. 2–11 at p. 17.) On February 24, 2014, Debtor filed a motion entitled "Debtor's Motion to Alter or Amend Order or for Additional Findings of Facts Pursuant to FRBP 7052." (Docket No. 15–4.) The Bankruptcy Court issued an order denying that motion on March 6, 2014, and Debtor filed a Notice of Appeal on the same day. (Docket Nos. 15–5 & 1–1.)

On April 15, 2014, Debtor filed a motion before this Court contesting the Bankruptcy Court's conversion of the case to a Chapter 7 proceeding. (Docket No. 4.) Specifically, Debtor's motion requests that the Court stay the order approving conversion to Chapter 7, or, at the very least, deny or stay the sale of Debtor's equipment by the Trustee. *Id.* at p. 2. Trustee responded by filing a motion to dismiss for lack of jurisdiction, and Debtor opposed Trustee's motion on May 8, 2014. (Docket Nos. 10 & 15.)

## II. DISCUSSION

### A. Motion to Dismiss

Appellees argue that Debtor's request for a stay should be dismissed because the Court does not have jurisdiction to hear the bankruptcy case. Appellees assert that Debtor's February 24, 2014 motion constituted a second motion for reconsideration and not a motion for additional findings of fact. While the latter would have tolled the limitations period for filing a

---

1. Matthew D'Auria, a second-year student at the University of Virginia School of Law, assisted in the preparation of this memorandum.

notice of appeal, Fed. R. Bankr.P. 8002(b)(1) ("Bankruptcy Rule 8002"), the former would not because successive motions for reconsideration are "condemned by well-established authority" in the First Circuit. *Aybar v. Crispin–Reyes*, 118 F.3d 10, 14 (1st Cir.1997) (citing *Charles L.M. v. Northeast Indep. Sch. Dist.*, 884 F.2d 869, 870 (5th Cir.1989)).[2] Thus, Appellees argue that Debtor's February 24, 2014 motion did not trigger Bankruptcy Rule 8002's tolling provision, and that the notice of appeal, dated March 6, 2014 and filed 21 days after entry of the Bankruptcy Court's conversion order, is too late. Appellees claim that Debtor's procedural defect precludes the district court's review of the case.

■ The central question to an evaluation of Appellees' motion is whether Debtor's February 24, 2014 filing truly constituted a motion for additional findings of fact pursuant to Federal Rule of Bankruptcy Procedure 7052 ("Bankruptcy Rule 7052"). While the document's title indicates that Debtor intended the filing, at least in the alternative, to be a motion for additional findings of fact, the Court nevertheless acknowledges that the motion's label is not dispositive evidence of the filing's true nature or content. Rather, the Court must determine independently what type of motion was before the Bankruptcy Court by examining the type of relief requested. *See Wright v. Preferred Research, Inc.*, 891 F.2d 886, 889 (11th Cir. 1990).

Bankruptcy Rule 7052, by incorporating Rule 52 of the Federal Rules of Civil Procedure, authorizes a motion to make additional findings of fact in a bankruptcy proceeding. Fed. R. Bank. P. 7052. Rule 52 allows a party to "question the sufficiency of the evidence supporting the findings, whether or not the party requested findings, objected to them, moved to amend them, or moved for partial findings." Fed. R.Civ.P. 52(b). According to Bankruptcy Rule 7052, a motion to add or amend findings of fact must be filed within fourteen (14) days after entry of a judgment. Fed. R. Bankr.P. 7052.

■ A motion pursuant to Bankruptcy Rule 7052 can be made on several appropriate grounds, one of which is to "amplify or expand" the trial court's initial factual findings in order to improve the appellate court's review of the record. *Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc.*, 899 F.2d 119, 122–123 (1st Cir.1990). Debtor's February 24, 2014 motion clearly seeks to achieve this purpose. Within its introduction, the motion requests that the Bankruptcy Court "amend and amplify the factual findings so that the record on appeal is more accurate and the appellate court can have a more thorough understanding of the facts upon which the Court reached its decision." (Docket No. 15–4 at p. 1.) The motion subsequently provides a list of seven specific facts that Debtor believes would help clarify the record and assist this Court in its review of the case. *Id.* at p. 3. The existence of this list confirms that Debtor's filing was not just a motion for additional findings of fact in name, but also in substance. As Debtor points out, even the bankruptcy court's order dated March 6, 2014 refers to Debtor's February 24, 2014 filing as a motion seeking additional findings of fact pursuant to Bankruptcy Rule 7052. (Docket No. 15–5 at p. 2.) That the order deemed Debtor's proposed findings

---

2. The First Circuit Court of Appeals has indicated that "[a]llowing subsequent motions to repeatedly toll the filing period for a notice of appeal would encourage frivolous motions and undermine a fundamental canon of our legal system, to promote the finality of judgments." *Aybar*, 118 F.3d at 14 (citing *Glinka v. Maytag Corp.*, 90 F.3d 72, 74 (2d Cir.1996)).

of fact to be "lacking merit" does not detract from the bankruptcy court's unambiguous treatment of the filing as a motion filed pursuant to Bankruptcy Rule 7052.

It is clear that Debtor's February 24, 2014 filing constituted a motion for additional findings of fact pursuant to Bankruptcy Rule 7052, and not a second motion for reconsideration of the bankruptcy court's conversion order. Pursuant to Bankruptcy Rule 8002, that motion effectively tolled the 14-day limitations period for filing an appeal. Consequently, Debtor's notice of appeal, which was submitted on the same day that the bankruptcy court denied the motion, was filed well within the time allowed by law. Because it has jurisdiction to hear this case, the Court **DENIES** Appellees' motion to dismiss for lack of subject matter jurisdiction.

### B. Motion Requesting Stay Pending Appeal

Debtor's urgent motion dated April 15, 2014, requests that the Court either (a) stay the bankruptcy court's order approving the conversion to Chapter 7, or (b) stay or deny the sale of Debtor's mining and heavy equipment until the appeal has been resolved. (Docket No. 4 at p. 2.) The Court notes that option (b) is no longer a viable form of relief, because the Trustee executed a sale of Debtor's equipment on March 7, 2014. (Docket No. 6 at p. 1.) The Court is therefore left to consider Debtor's request to stay the conversion order.

■ The bases for Debtor's request for a stay are Bankruptcy Rules 7062 and 8005, which grant the Court substantial discretion to stay the execution of a judgment pending disposition of an appeal. *See In re Efron*, 2013 WL 5230640, at *2 (Bankr.D.P.R.2013). The moving party bears the burden of showing: (1) that the petitioner is likely to prevail on the merits of the appeal; (2) that without a stay, the

petitioner will suffer irreparable injury; (3) that other interested parties will suffer no substantial harm; and (4) that the public interest will not be harmed by the granting of the stay. *Id.* Traditionally, the first two factors of the standard are the most critical. *Nken v. Holder*, 556 U.S. 418, 434, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009). If a party fails to satisfy any one of the four requirements, however, the Court has discretionary authority to deny the stay. *In re Efron*, 2013 WL 5230640, at *2.

■ Upon consideration of the four factors, the Court concludes that Debtor has failed to assert grounds for a stay adequately. With respect to the first factor, Debtor must show that it has a substantial case on appeal, not just a mere likelihood of success. *In re Safon Ochart*, 74 B.R. 136, 137 (Bankr.D.P.R.1987) (reciting the requirement that a party seeking a stay of an order must make "a *strong showing* that he is likely to succeed on the merits of the appeal") (emphasis in original). Debtor has failed, however, to demonstrate the merits of its case on appeal, asserting only that it has a "confirmable plan" that should be taken into account. (Docket No. 4 at p. 4.) But the existence or lack of a plan was not the issue at the heart of the Bankruptcy Court's decision to convert to Chapter 7 proceedings. Rather, it was Debtor's failure timely to oppose Appellees' motion to convert, which was filed pursuant to section 1112 of the Bankruptcy Code, on January 22, 2014. (Docket No. 2–9 at p. 22.) In compliance with Local Bankruptcy Rule 9013–1(c)(1), Appellees included at the bottom of that motion a notice indicating (a) that any objection by Debtor to the motion to convert were due within fourteen (14) days of service, and (b) that in the absence of any timely objection, the motion "will be deemed unopposed and may be granted...." *Id.* at p. 33. Despite that clear

warning, Debtor took absolutely no action within the limitations period to oppose Appellees' motion for conversion. The bankruptcy court had the discretion to grant the conversion to Chapter 7 proceedings, therefore, and the conversion resulted from Debtor's own failure to comply with applicable law. Thus, the Court comes to the same conclusion reached by the bankruptcy court in its order dated February 11, 2014: that the "Debtor's failure to timely reply and oppose" Appellees' motion is sufficient grounds to warrant conversion. (Docket No. 15–1 at p. 1.) Because the bankruptcy court's order did not involve an erroneous ruling of law, Debtor is highly unlikely to prevail on the merits of its appeal. It cannot, therefore, satisfy the first factor of the four-part inquiry.

■ It is said that "the *sine qua non* of [the] four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *Esso Standard Oil Co. v. Monroig–Zayas*, 445 F.3d 13 (1st Cir.2006) (citing *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir.2002)). Indeed, "what matters ... is not the raw amount of irreparable harm [a] party might conceivably suffer, but rather the risk of such harm in light of the party's chance of success on the merits." *P.R. Hosp. Supply, Inc. v. Boston Scientific Corp.*, 426 F.3d 503, 507 n. 1 (1st Cir.2005). Debtor fails to bring forward convincing arguments showing that he will suffer irreparable injury if a stay is denied; that no substantive harm will be caused to the interested parties; and that a stay will do no harm to the public interest. *In re*

*Safon Ochart*, 74 B.R. at 137. Moreover, because Debtor has not shown that its chances of succeeding on appeal are anything more than negligible, satisfaction of the remaining factors would not tip the scale in its favor. Consequently, the Court **DENIES** Debtor's request for a stay.

## C. Dismissal of Appeal

■ Having addressed Debtor's motion requesting a stay, the Court is left to consider Debtor's appeal of the bankruptcy court's order converting the case to a Chapter 7 proceeding. As discussed above, Debtor's appeal seeks to challenge a ruling of law that was not made in error; the bankruptcy court's order dated February 11, 2014 resulted only from Debtor's own failure to comply with the local bankruptcy rules. Because Debtor has no foot on which to stand on appeal, dismissal of its case by the Court is warranted.

The Court further notes Debtor's failure to file a supporting appellate brief by May 2, 2014, the deadline imposed by the Court pursuant to Bankruptcy Rule 8009.[3] (*See also* CM/ECF text accompanying Docket No. 1.) This procedural defect, in itself, is sufficient to justify dismissal of Debtor's appeal in its entirety. *See Maxon Engineering, Inc. v. Municipality of Aibonito*, 397 B.R. 623, 626 (D.P.R.2008) (Casellas, J.) ("[F]ailure to file the appellate brief divests the district court of the information needed to adequately review the case."); *In re Quevedo (Cesar J. Otero)*, 35 B.R. 117, 120 (D.P.R.1983) (Gierbolini, J.) ("[I]t is proper to dismiss an appellant's appeal for failure to file a brief or request an extension within the time allotted by the

---

3. Fed. R. Bankr.P. 8009(a) provides, in pertinent part, that "[u]nless the district court or the bankruptcy appellate panel by local rule or by order excuses the filing of briefs or specifies different time limits: (1) The appellant shall serve and file a brief within 14 days after entry of the appeal on the docket pursuant to Rule 8007."

Bankruptcy Rules.")[4] Given the weakness of Debtor's case, as well as Debtor's failure to comply with the applicable court rules, the Court **DISMISSES** Debtor's appeal in its entirety.

## III. Conclusion

For the foregoing reasons, the Court **DENIES** Appellees' motion to dismiss for lack of jurisdiction, (Docket No. 10); **DENIES** Debtor's motion requesting a stay of all proceedings, (Docket No. 4); and **DISMISSES** Debtor's appeal in its entirety.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

4. Not only did Debtor fail to submit a brief, it also did not even request an extension of time to do so. Consistent with its dilatory conduct in the bankruptcy proceedings, Debtor has here again demonstrated a simple, deplorable lack of diligence.